**Refugio LUGO et al., Plaintiffs,**

v.

**William E. SIMON, Sec'y., et al., Defendants.**

**Civ. No. C74-345.**

United States District Court, N. D. Ohio, W. D.

July 20, 1976.

**30**

John P. Worcester, Toledo, Ohio, Marvin H. Feingold, Ohio Migrant Legal Action Program, Bowling Green, Ohio, for plaintiffs; Marilyn G. Rose, Center for Law and Social Policy, Washington, D. C., of counsel.

John F. Hayward, John Czarnecki, Hayward, Cooper, Straub, Walinski, & Cramer, Toledo, Ohio, for Defendants, Medical College of Ohio, Hospital and Whitney Spaulding.

Leo W. Kenny, Fremont, Ohio, for Memorial Hospital of Sandusky County and John Gettman.

Richard B. McQuade, Sr., Swanton, Ohio, for Fulton County Health Center and Victor Serino.

John H. Hanna, James Funkhouser, Hoeffel, Funkhouser & Short, Napoleon, Ohio, for Heller Memorial Hospital, Inc., and Carey Plummer.

John G. Mattimoe, Marshall, Melhorn, Bloch & Belt, Toledo, Ohio, for Toledo Hospital, Bryan Rogers, Memorial Hospital of Sandusky County, John Gettman, Wood County Hospital, and William Culbertson.

Harry G. Roebke, Middleton & Roebke, Bowling Green, Ohio, for Wood County Hospital, and William Culbertson.

James W. Stuehringer, Donald P. Muenz, Asst. Attys. Gen., Columbus, Ohio, for William W. Cashman, M.D., and William Shirkey.

Patrick J. Foley, Asst. U. S. Atty., Toledo, Ohio, for Federal defendants.

John J. McCarthy, Chief, General Litigation Sec., Tax Div., U. S. Dept. of Justice, Washington, D. C., John M. Cunningham, Donald J. Gavin, Trial Attys., Tax Div., U. S. Dept. of Justice, Washington, D. C., for William E. Simon, and Donald C. Alexander.

Sidney Edelman, Asst. Gen. Counsel for Public Health, Dept. of H.E.W., Rockville, Md., Shirley L. Moscow, H.E.W., Chicago, Ill., for Caspar W. Weinberger.

## MEMORANDUM AND ORDER

DON J. YOUNG, District Judge.

This cause came to be heard upon the motion of the defendant Secretary of Health, Education and Welfare to dismiss the complaint for want of subject matter

jurisdiction and for failure to state a claim upon which relief can be granted. Rules 12(b)(1) & 12(b)(6), Fed.R.Civ.P. In the alternative, the defendant moves for summary judgment, Rule 56, Fed.R.Civ.P. The plaintiffs have opposed the motions and have filed a cross motion for partial summary judgment.

This case arises under Title VI of the Public Health Services Act, 42 U.S.C. § 291, *et seq.*, commonly known as the Hill-Burton Act, and the regulations promulgated thereunder, 42 C.F.R. Part 53. The plaintiffs are seeking to enforce the provisions of the title which require that the states participating in the Hill-Burton program provide adequate hospitals to furnish needed services for persons unable to pay therefor. Plaintiffs, furthermore, are seeking to enforce contractual commitments of defendant hospitals to the Ohio Department of Health and to the United States to provide a reasonable volume of services for people who are unable to pay for them.

The defendant secretary, in his motion, argues that he has fulfilled his responsibility to ensure that state plans which have been submitted to him for approval fully comply with the statutory and regulatory scheme of the Hill-Burton Act and that he has thus fulfilled his enforcement obligations under the Act, 42 U.S.C. §§ 291c, 291e, 291g. The defendant further alleges that the primary responsibility for the administration and enforcement of the Act lies with the state Hill-Burton agency. He, therefore, contends that the case should be dismissed as to him because he has fulfilled his obligations and because the state agency has primary jurisdiction of this matter. The plaintiffs contend that the doctrine of primary jurisdiction does not apply to this case and that the defendant Secretary has not carried out his obligations under the Act. They conclude, therefore, that the Court should not dismiss the Secretary and should continue jurisdiction over the subject matter of this action. In their summary judgment motion, the plaintiffs challenge 42 C.F.R. §§ 53.111(a), 53.111(d) and 53.-113(a) as being inconsistent with the Hill-Burton Act.

Some preliminary matters must first be discussed. There is apparently some confusion as to the status of the plaintiffs' second amended complaint. On February 24, 1975, the Court granted leave to file said amended complaint and it was filed the same day. Also, the defendant has filed a motion to strike portions of the plaintiffs' responsive pleading and part of their motion for partial summary judgment. The motion is not well taken. To the extent the material objected to is redundant or immaterial, the Court, of course, will ignore it. The Court, however, does not find the material to be prejudicial to the defendant and, therefore, will not order it stricken from the record.

As one argument in support of its motion to dismiss, the defendant contends that this Court should not entertain this case because of the presence of other cases, some decided, some pending, which present the identical issues being litigated here. The plaintiffs challenge the assumption that the issues presented here are identical. Both sides agree, however, that any such dismissal is solely within the sound exercise of the Court's discretion. The Court is not willing to exercise that discretion but rather will decide the case itself. It is clear that none of the other cases cited by the defendant are binding upon this court. In such a situation, the Court is unwilling to deprive these plaintiffs of their day in court.

■ A much more serious problem, however, is the question of primary jurisdiction. The doctrine of primary jurisdiction is not one which allocates power between a court and an administrative agency. Rather, it is simply the question of who shall make the initial determination. *United States v. Philadelphia National Bank*, 374 U.S. 321, 353, 83 S.Ct. 1715, 10 L.Ed.2d 915 (1963).

"The holding that the board had primary jurisdiction, in short, was a device to prepare the way, if the litigation should take its ultimate course, for a more informed and precise determination by the Court of the scope and meaning of the statute as

**32**

applied to those particular circumstances."[1]

■ The criteria used to decide whether resort to the agency should be had before a judicial determination is made are the "character of the controverted question and the nature of the inquiry necessary for its solution." *Great Northern Railway Co. v. Merchants Elevator Co.*, 259 U.S. 285, 42 S.Ct. 477, 479, 66 L.Ed. 943 (1922). If the inquiry is essentially one of fact and of discretion in technical matters, the agency should make the initial determination. Only in this way can some degree of uniformity with respect to agency policy and interpretation be maintained. *Id.* at 291, 42 S.Ct. 477. Often such cases involve voluminous and conflicting evidence of a technical nature and it is not only helpful but necessary for the Court initially to defer to that body which has the expertise to deal with such facts. *Id.* If, however, the question presented is one of law, a judicial question is presented and the Court should make the determination in the first instance. The doctrine of primary jurisdiction, then, is ultimately a decision by the court as to whether the "institution of administrative proceedings [is] 'likely to make a meaningful contribution to the resolution of this law-suit.'" *Ricci v. Chicago Merchantile Exchange*, 409 U.S. 289, 306, 93 S.Ct. 573, 583, 34 L.Ed.2d 525 (1973). If the answer is yes, the trial court should stay its hand; if no, it should make the initial determination.

■ With respect to the issue of the validity of the particular regulations being challenged by the plaintiff, both sides seem to agree that this Court has primary jurisdiction. The more difficult issue is whether the court should make the first determination as to defendants' compliance with the statute and its regulations. If this were a case in which the only issue was the defendant hospitals' compliance with the statute or whether they were living up to assurances given to the state agency, clearly the Court would not have primary jurisdiction.

However, this Court does not see how the Ohio Department of Health can determine its own compliance, or the compliance of the Secretary, with the Hill-Burton Act and the regulations promulgated thereunder. The compliance of the Secretary is a question of law which the judiciary must, in the first instance, resolve. And, while there will certainly be disputes of fact in this regard, the evidence required will not be of the type which requires the discretion or technical expertise of an administrative body. Such a decision by the Court will not disrupt the uniformity required in agency determinations since the defendant hospitals must certainly expect that the Secretary and the State Hill-Burton Agency will act in accordance with the Act and its regulations. The Court, therefore, will not stay its hand while administrative proceedings commence but rather will continue to exercise jurisdiction over the subject matter of this case.

■ The above ruling, in effect, also disposes of the defendant Secretary's motion to dismiss for failure to state a claim or, in the alternative for summary judgment. In a motion to dismiss under Rule 12(b)(6), only the sufficiency of the complaint is being tested. In making such an evaluation, courts apply a liberal standard and accept the allegations of the complaint as true. *L'Orange v. Medical Protective Company*, 394 F.2d 57 (6th Cir. 1968). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff could prove no set facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Clearly the complaint in this case meets the standard and states a claim for relief against the defendant Secretary. With respect to summary judgment motions, the standard is not quite so liberal. However, Rule 56(c), Fed.R.Civ.P. requires that there be no genuine issue as to any material fact before summary judgment

---

1. *Federal Maritime Board v. Isbrandtsen Co.*, 356 U.S. 481, 498–99, 78 S.Ct. 851, 2 L.Ed.2d 926 (1958).

may be granted. Clearly disputes of fact exists here which preclude summary disposition. The Court, therefore, cannot grant the Secretary's motion to dismiss or, in the alternative for summary judgment.

The Court now turns its attention to the consideration of whether the regulations being challenged in this case are consistent with the applicable statutes. There being no disputes of fact surrounding this controversy, summary judgment is an appropriate dispositional device. The plaintiffs first contend that the regulations violate the National Health Planning and Resource Development Act of 1974. Such contention is not well taken. While no regulations have as yet been promulgated under this new act, section 1602(6), P.L. 93–641 § 1602(6), states that the Secretary shall by regulation prescribe the general manner in which the entities receiving assistance either under the new act or under Hill-Burton, "shall be required to comply with the assurances required to be made at the time such assistance was received . . . ." Thus any new regulations would not alter the nature of the assurances given under the Hill-Burton Act but rather would enforce them as given, even though they contain restrictions now being challenged. This is certainly an appropriate result given the contractual nature of the entities' assurances and the new act's reluctance to interfere with such contracts. *See Corum v. Beth-Israel Medical Center*, 359 F.Supp. 909 (S.D.N.Y.1973). In any event, the two acts are consistent, *see* 1974 U.S.Code Cong. & Admn.News 93rd Cong., 2nd Sess., v. 4 p. 7843, and the National Health Planning Act in no way invalidates the regulations promulgated under Hill-Burton.

It is therefore clear that if the Court is to strike down the regulations in question, it must do so because they are inconsistent with the provisions of the Hill-Burton Act. Section 291c(e) of the Act states that the Secretary, by general regulation, shall prescribe:

(e) State plan requirements, that the State plan shall provide for adequate hospitals, and other facilities for which aid under this part [42 USCS §§ 291a–291j] is available, for all persons residing in the State, and adequate hospitals (and such other facilities) to furnish needed services for persons unable to pay therefor. Such regulations may also require that before approval of an application for a project is recommended by a State agency to the Surgeon General for approval under this part [42 USCS §§ 291a–291j], assurance shall be received by the State from the applicant that (1) the facility or portion thereof to be constructed or modernized will be made available to all persons residing in the territorial area of the applicant; and (2) there will be made available in the facility or portion thereof to be constructed or modernized a reasonable volume of services to persons unable to pay therefor, but an exception shall be made if such a requirement is not feasible from a financial viewpoint.

The three regulations being challenged are 42 C.F.R. §§ 53.111(a), 53.111(d), and 53.113(a). Section 53.111(a) states in effect that the assurance which a hospital gives to provide a reasonable volume of services to people unable to pay therefor "shall not apply to an applicant (1) for more than 20 years after the completion of construction of any facility with respect to which funds have been paid under Section 606 of the Act . . . ." Section 53.111(d) sets forth the criteria for determining when an applicant is in "presumptive compliance" with its assurance to provide a reasonable volume of free service. The regulation states that if the hospital "(1) budgets for the support of, and makes available upon request, uncompensated services at a level not less than the lesser of 3 percent of operating costs or 10 percent of all Federal Assistance provided to or on behalf of the applicant under the Act, or (2) certifies that it will not exclude any person from admission on the ground that such person is unable to pay for needed services . . . .," it shall be deemed in presumptive compliance with its assurances. Section 53.113 sets forth the community service requirements of the Act. Basically, such requirements consist of the

applicant making the services it provides available to the general public. Section 53.113(a), however, limits the application of such requirement to twenty years after the completion of construction of any facility with respect to which funds have been paid under section 606 of the Act. It is these limitations on the free service and community service requirements which the plaintiffs herein challenge.

■ Successfully challenging regulations is, of course, a difficult task. Once promulgated, regulations have the force of law and the presumption of validity. Cf. *United States v. Mersky*, 361 U.S. 431, 437–38, 80 S.Ct. 459, 4 L.Ed.2d 423 (1960). Much deference is due the agency charged with the administration of the Act. *Lewis v. Martin*, 397 U.S. 552, 90 S.Ct. 1282, 25 L.Ed.2d 561 (1970).

[W]hen faced with a problem of statutory construction, this Court shows great deference to the interpretation given the statute by officers of the agency charged with its administration, "To sustain the Commission's application of this statutory term, we need not find that its construction is the only reasonable one or even that it is the result we would have reached had the question arisen in the first instance in judicial proceedings." *Udall v. Tallman*, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965).

■ The plaintiffs, of course, are correct that the above rule is more persuasive when the administrative practice involves a "contemporaneous construction of a statute by men charged with the responsibility of setting its machinery in motion . . ." *Id.* See also, *Zuber v. Allen*, 396 U.S. 168, 192,

90 S.Ct. 314, 24 L.Ed.2d 345 (1969). Nevertheless, it is true that:

a regulation issued by an administrative official under the direct authority of a statute may not be found invalid for inconsistency unless the variance is so clear that it is manifest that the court has no choice except to hold that the administrator has exceeded his authority and employed means that are not appropriate to the end specified in the act.[2]

There are several cases which have considered the validity, vel non, of these particular regulations. Both *Cook v. Ochsner Foundation Hospital*, Civil No. 70–1969 (E.D.La. filed March 13, 1975) and *Corum v. Beth-Israel Medical Center*, 373 F.Supp. 550 (S.D.N.Y.1974) hold that the Hill-Burton Act authorizes quantitative and durational limits on the volume of free care required. Each case thus found the regulations reasonable and consistent with the statutory purposes of the Act. The Cook case, however, found nothing in the Act which would permit the twenty year limitation on community service and thus struck down section 53.113(a) as inconsistent with the statute.

■ With respect to the presumptive compliance guideline, the plaintiffs contention is that it is at best a crude rule of thumb for determining compliance with the requirement of a reasonable volume of free care. As such, plaintiffs contend that it should not define the maximum volume of uncompensated services which any one facility can be required to provide. They argue that the 3 percent–10 percent criteria bear no relationship to reality and that, in effect, they nullify the much more appropriate criteria set forth in the regulations.[3]

2. *Gardner v. United States*, 239 F.2d 234, 237 (5th Cir. 1956). See also, *Commissioner of Internal Revenue v. South Texas Lumber Co.*, 333 U.S. 496, 68 S.Ct. 695, 92 L.Ed. 831 (1948); *Johnson's Professional Nursing Home v. Weinberger*, 490 F.2d 841 (5th Cir. 1974); *Interstate Commerce Commission v. Memphis Union Station*, 360 F.2d 44 (6th Cir. 1966); cert. denied 385 U.S. 830, 87 S.Ct. 66, 17 L.Ed.2d 66 (1966).

3. 42 C.F.R. § 53.111(h)(2) provides:

(2) The state agency shall for the purpose of making such determination, review, and evaluate the annual statement, the budget and the related documents, submitted by each applicant pursuant to paragraph (e) of this section, by applying the following criteria:
(i) The financial status of the applicant, taking account of income from all sources, and its financial ability to provide uncompensated services;
(ii) The nature and quantity of services provided by the applicant;

The plaintiffs attempt to distinguish both *Cook* and *Corum* by arguing that those Courts found the regulations reasonable only within the factual contexts present before them. Thus the argument is that while the facilities involved in those cases may have been producing a reasonable volume of free services, the presumptive compliance regulation does not guarantee that all funded facilities will do likewise. In fact, plaintiffs contend that any relationship the 3 percent–10 percent criteria have to reality is, at best, coincidental.

It is clear to this Court that in both *Cook* and in *Corum*, the courts found the regulations in question to be reasonable without regard to the factual context of the particular case. Findings of reasonableness as applied were alternative holdings. Likewise, this Court, for the purposes of these motions, is faced with the question of the reasonableness of the regulations without regard to the factual context of the particular case. In answering this question, the Court may not substitute its definition of reasonableness for that of the agency unless the regulation is clearly inconsistent with the statutory purposes of the Act. The plaintiffs have not convinced the Court that such inconsistency exists. The presumptive compliance regulation will, therefore, be upheld as reasonable. The Court in *Cook* stated at page 8:

> The provision is being challenged on its face as being inconsistent with the Hill-Burton Act. As such, it is not judged on the basis of extreme examples, but according to what HEW legitimately has decided is a fair durational component on the limitation of free care suggested by both the legislative history and statutory language.

The same is true of the maximum volume provisions. No criteria could guarantee that all hospitals will provide a reasonable volume of services and this Court believes that it cannot substitute its judgment for

that of the agency. The plaintiff can, of course, argue that there should be no such limitation. The Act, however, permits it. 42 U.S.C. § 291c(e). And, the Court agrees with *Cook* and *Corum* that the 3 percent–10 percent regulation incorporates rather than nullifies the four criteria set forth in 53.-111(h)(2), note 1, *supra*; *See Cook, supra* at 8; *Corum, supra* at 555–556. Such regulation is a "reasonable and useful tool to achieve incentive while not sacrificing the policy of free service altogether." *Cook, supra* at 7.

The plaintiffs also contend that the twenty year limitation on the volume of free care required under the Act is arbitrary and capricious and is inconsistent with the statutory goals of Hill-Burton. They argue that a state cannot meet its obligation to provide uncompensated hospital care to its poor if many, and perhaps all, of its hospitals in a particular area fail to provide free care. It must be remembered, however, that free care is only one of the objectives of the Hill-Burton program. Certainly equal in importance is the goal of construction and modernization of medical facilities in areas of need. As the Courts in both *Corum* and *Cook* point out, the two goals must be weighed and balanced. If the cost in terms of total uncompensated services is too high, the incentive to accept Hill-Burton funds to construct and modernize will be lost. The twenty year limit, as well as the 3 percent–10 percent regulation, is a reflection of that fact. The term reasonable implies limitation. This Court believes that Congress recognized this and left to the agency the task of defining those limits. Given the overall purpose of the Act, the Court cannot say the limitation is clearly inconsistent. Plaintiffs argue that the number twenty is arbitrary. The Court believes, however, that twenty years is a reasonable length of time and again is not willing to substitute its judgment for that of the agency. The number twenty was not

(iii) The need within the area served by the applicant for the provision, without charge or at charge which is less than reasonable cost, for services of the nature provided or to be provided by the applicant; and

(iv) The extent and nature of joint or cooperative programs with other facilities for the provision of uncompensated services, and the extent and nature of outreach services directed to the needs of undeserved areas.

**36**

pulled out of a hat but rather appears in several of the federal assistance statutes. *See Corum, supra* at 556, n.4; *Cook, supra* at 9.

■ 42 U.S.C. § 291c(e)(1) provides that applicants for funds are to make facilities available "to all persons residing in the territorial area." Such language, unlike the free care provisions, is in absolute terms. No limitation is implied. Thus to place a twenty year limitation on such community service appears to be plainly inconsistent with the statute. It does not appear that the hospital gains any significant advantage, nor does it incur any major liability by serving all of the people in its community. Thus no limitation is necessary as an incentive to accept Hill-Burton funding. As was stated in *Cook* at page 9:

> This requirement's underpinning clearly is the possibility of hospitals' selectively distributing care with the aid of federal funds. That it does not instead contemplate the lessening of the financial burden as a matter of incentive is inferrable from the mere fact that a non-discriminatory program of medical care itself does not impose such a burden.

This Court therefore, agrees with the Court in *Cook* that the twenty year limitation on community service is clearly inconsistent with the legislative aims of the Act and, therefore, impermissible.

For the reasons stated herein, good cause appearing, it is

ORDERED that the defendant's motion to strike should be and hereby is overruled, and it is

FURTHER ORDERED that the defendant Secretary's motion to dismiss for want of subject matter jurisdiction should be and hereby is overruled and it is

FURTHER ORDERED that the defendant Secretary's motion to dismiss for failure to state a claim should be and hereby is overruled, and it is

FURTHER ORDERED that the defendant Secretary's motion for summary judgment is granted, and the Clerk shall make the appropriate entry, to the extent that 42

C.F.R. §§ 53.111(a) and 53.111(d) are adjudged to be valid and consistent with the statutory purposes of the Hill-Burton Act, and said motion is denied as to all other matters contained therein, and it is

FURTHER ORDERED that the plaintiffs' motion for partial summary judgment is granted, and the Clerk shall make the appropriate entry, to the extent that 42 C.F.R. § 53.113(a) is declared invalid as inconsistent with the purpose of the Hill-Burton Act, and said motion is denied as to all other matters contained therein, and it is

FURTHER ORDERED that defendant Secretary is granted leave to file a reply brief and the Clerk shall file the previously lodged reply.