**THE SALVATION ARMY, Appellant,**

**v.**

**BLUE CROSS AND BLUE SHIELD OF NORTHERN OHIO, Appellee.**

[Cite as *The Salvation Army v. Blue Cross & Blue Shield of N. Ohio* (1993), 92 Ohio App.3d 571.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 64148.

Decided Dec. 27, 1993.

572

*A. Clifford Thornton, Jr., W. Wilson Caldwell, Cadwalder, Wickersham & Taft, Michael G. Dolan* and *David De Gregorio,* for appellant.

*Baker & Hostetler, Wayne C. Dabb, Jr.* and *Richard R. Hollington, Jr.,* for appellee.

SPELLACY, Presiding Judge.

Plaintiff-appellant The Salvation Army ("appellant") appeals the dismissal of its suit against defendant-appellee Blue Cross and Blue Shield of Northern Ohio ("Blue Cross") for failure to exhaust administrative remedies.

Appellant raises the following assignments of error:

"I. The trial court erred in dismissing plaintiff's complaint for failure to exhaust administrative remedies, because the Ohio Superintendent of Insurance does not have jurisdiction over plaintiff's legal claims, and lacks the authority to adjudicate tort claims and to award damages.

"II. The trial court erred in dismissing plaintiff's complaint in that no administrative expertise is needed to resolve the plaintiff's claims, and requiring adjudication before the superintendent would be a vain act and contrary to the policy [of] judicial economy."

We affirm in part and reverse in part.

## I

In 1984, the Ohio Superintendent of Insurance approved the merger of Blue Cross of Northeast Ohio and Medical Mutual Corporation, creating Blue Cross

and Blue Shield of Northern Ohio. Thereafter, Blue Cross implemented a competitive hospital bidding procedure wherein thirty-four hospitals in Cuyahoga, Lake, and Lorain Counties each submitted a request for proposal stating the services used by Blue Cross subscribers and costs. Twenty-five hospitals were declared winners and were certified by Blue Cross to receive one-hundred percent reimbursement. The other hospitals' contracts were terminated. Blue Cross subscribers using the terminated hospitals would be reimbursed directly for seventy percent of the cost of their care.

The Salvation Army, the owner and operator of Booth Memorial Hospital, appealed the termination of its contract to the Ohio Department of Insurance. The appeals of the various losing hospitals were consolidated. The hearing was limited to whether Blue Cross "failed to comply with the cost-control standard of Revised Code Section 1739.01(M)(1) regarding the elimination of duplication or unnecessary services and facilities. Consideration of this issue will include a review of the hospital bidding process, the criteria used by BCBSMNO in connection therewith, and the implementation of those criteria."

In 1985, the hospitals also filed suit against Blue Cross. While the first of the lawsuits, that of Lakewood Hospital, proceeded through trial and appeal, other hospitals' cases were stayed pending final disposition of the Lakewood case. The proceedings before the Superintendent of Insurance also were suspended. The Lakewood Hospital suit ultimately was settled and the previous decisions in that case were vacated.

Appellant never resumed its appeal pending before the Superintendent of Insurance. In 1991, appellant moved to amend its complaint before the trial court. With leave of court, that complaint was amended to two counts of bad faith breach of contract and defamation. Blue Cross moved for dismissal due to lack of subject matter jurisdiction and for failure to state a claim upon which relief may be granted. The trial court granted Blue Cross's motion because appellant had failed to exhaust its administrative remedies.

## II

In its first assignment of error, appellant contends the trial court erred in dismissing its complaint as it sounded in tort, a cause of action over which the Superintendent of Insurance lacks jurisdiction. Appellant maintains it was not required to exhaust its administrative remedies, as the superintendent did not have the authority to adjudicate each issue raised or grant the appropriate relief.

Blue Cross asked the trial court to dismiss appellant's complaint due to lack of subject matter jurisdiction, claiming the Superintendent of Insurance had exclusive and primary jurisdiction of the matter, and for failure to state a claim upon

which relief can be granted. The trial court dismissed for failure to exhaust administrative remedies.

Appellant's complaint would fall within the Ohio Department of Insurance's exclusive jurisdiction if that agency were vested by the legislature with the sole authority to resolve the issue. See *Pacific Chem. Products Co. v. Teletronics Serv., Inc.* (1985), 29 Ohio App.3d 45, 29 OBR 47, 502 N.E.2d 669. Primary jurisdiction does not allocate the power between an administrative agency and a court but resolves who shall make the initial determination. *Lugo v. Simon* (N.D.Ohio 1976), 426 F.Supp. 28, 31. Primary jurisdiction applies:

"[W]here a claim is originally cognizable in the courts, and comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views." (Citations omitted.) *United States v. W. Pacific RR. Co.* (1956), 352 U.S. 59, 64, 77 S.Ct. 161, 165, 1 L.Ed.2d 126, 132. See, also, *Pinney Dock & Transport Co. v. Penn. Cent. Corp.* (C.A.6, 1988), 838 F.2d 1445.

The doctrine of primary jurisdiction will be utilized when the circumstances and their underlying legal issues would be better ascertained and interpreted by the agency specializing in that area. *W. Pacific, supra,* 352 U.S. at 65, 77 S.Ct. at 165–166, 1 L.Ed.2d at 132–133. The criteria used in making this determination are the "character of the controverted question and the nature of the inquiry necessary for its solution." *Great N. Ry. Co. v. Merchants Elevator Co.* (1922), 259 U.S. 285, 42 S.Ct. 477, 66 L.Ed. 943. The agency should make the determination in technical matters to maintain some uniformity in agency policy and to take advantage of the agency's expertise. If a question of law is presented, the court should make the initial determination. The doctrine of primary jurisdiction comes into play if the use of administrative proceedings will contribute to a meaningful resolution of the lawsuit. If it will, the trial court should defer any action until that determination is made by the agency. *Lugo, supra,* 426 F.Supp. at 32.

Both exclusive and primary jurisdiction deprive a court of subject matter jurisdiction over the lawsuit. Lack of subject matter jurisdiction is reviewed pursuant to Civ.R. 12(B)(1). The standard to be applied is whether the plaintiff has alleged any cause of action which the court has authority to decide. *McHenry v. Indus. Comm.* (1990), 68 Ohio App.3d 56, 62, 587 N.E.2d 414, 418–419. However, in determining whether the plaintiff has alleged a cause of action sufficient to withstand a Civ.R. 12(B)(1) motion to dismiss, the trial court is not confined to the allegations of the complaint and it may consider material pertinent to such inquiry without converting the motion into one for summary

judgment. *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.* (1976), 48 Ohio St.2d 211, 2 O.O.3d 393, 358 N.E.2d 526, at paragraph one of the syllabus. A court may dismiss a complaint for lack of jurisdiction over subject matter on the basis of either the complaint itself or the complaint supplemented by undisputed facts along with the court's resolution of disputed facts. *Williamson v. Tucker* (C.A.5, 1981), 645 F.2d 404, 413.

However, a dismissal for failure to exhaust administrative remedies will be reviewed under Civ.R. 12(B)(6) for failure to state a claim upon which relief may be granted. It must appear beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *O'Brien v. Univ. Community Tenants Union, Inc.* (1975), 42 Ohio St.2d 242, 245, 71 O.O.2d 223, 224–225, 327 N.E.2d 753, 754–755. The court must presume all factual allegations of the complaint are true and make all reasonable inferences in favor of the nonmoving party. *York v. Ohio State Hwy. Patrol* (1991), 60 Ohio St.3d 143, 573 N.E.2d 1063. Unlike motions under Civ.R. 12(B)(1), review is restricted to the complaint in determining the question of law. *State ex rel. Alford v. Willoughby Civ. Serv. Comm.* (1979), 58 Ohio St.2d 221, 223, 12 O.O.3d 229, 230, 390 N.E.2d 782, 784.

The exhaustion of administrative remedies doctrine applies "where a claim is cognizable in the first instance by an administrative agency alone; judicial interference is withheld until the administrative process has run its course." *W. Pacific, supra,* 352 U.S. at 63, 77 S.Ct. at 164–165, 1 L.Ed.2d at 131–132. The doctrine is a court-made rule of judicial economy that allows the agency to function efficiently and to afford it an opportunity to correct its own errors while benefitting the parties and the courts by virtue of the agency's experience and expertise. In this way, a record adequate for judicial review will be compiled. *Nemazee v. Mt. Sinai Med. Ctr.* (1990), 56 Ohio St.3d 109, 111, 564 N.E.2d 477, 479. Failure to exhaust administrative remedies is not a jurisdictional defect, and such a failure will not justify a collateral attack on an otherwise valid and final judgment; it is an affirmative defense which must be timely asserted in an action or it will be considered waived. *Gannon v. Perk* (1976), 46 Ohio St.2d 301, 309–310, 75 O.O.2d 358, 363–364, 348 N.E.2d 342, 347–348.

Appellant first appealed the termination of its contract with Blue Cross to the Ohio Department of Insurance. The Superintendent of Insurance limited the scope of the appeal to whether Blue Cross failed to comply with R.C. 1739.-01(A)(1)'s cost-control standard regarding the elimination of duplicative or unnecessary services and facilities. In doing so, the hospital bidding process would be reviewed along with the criteria used by Blue Cross and the implementation of the criteria.

Appellant argues that its first claim for relief is one of tort, not contract, and, therefore, falls outside the ambit of the scope of the hearing at the Ohio

Department of Insurance. Appellant alleges Blue Cross breached a duty of good faith owed appellant pursuant to statute and common law. The first count of appellant's amended complaint is for a bad faith breach of contract.

It is not a tort to breach a contract, no matter how willful or malicious the breach. The tort of bad faith is a breach of a duty established by a particular contractual relationship. *Motorists Mut. Ins. Co. v. Said* (1992), 63 Ohio St.3d 690, 694, 590 N.E.2d 1228, 1231–1232. It is not always clear whether an action is for tort or contract. Courts "must look to the nature of the grievance rather than the form of the pleading. If a petition states a cause of action in contract, the nature of the action is not changed by the mere fact that there is also contained therein a charge of tortious conduct." *Meeker v. Shafranek* (1960), 112 Ohio App. 320, 323, 16 O.O.2d 32, 33–34, 176 N.E.2d 293, 295. The addition of the adverbs intentionally, willfully, and fraudulently will not change a breach of contract claim to one sounding in tort. *Schwartz v. Bank One, Portsmouth, N.A.* (1992), 84 Ohio App.3d 806, 810, 619 N.E.2d 10, 12.

Appellant's first count in its amended complaint alleges Blue Cross amended its contractual relationship with appellant without first obtaining the required approval of the Superintendent of Insurance. Appellant alleges Blue Cross had to apply the cost-control standards set forth in R.C. 1739.01(M) and that the competitive bidding plan violated this provision.

The first count of the amended complaint falls squarely within the scope of the review for the hearing set by the Superintendent of Insurance. That claim was cognizable by the Ohio Department of Insurance alone as it is charged by Titles 17 and 39 of the Revised Code with regulating the insurance industry. Therefore, the exhaustion of administrative remedies doctrine was applicable to appellant's breach of contract claim. In appellant's answer to Blue Cross's dismissal motion, it began referring to the first count of its amended complaint as one sounding in tort. Before this answer, that count of appellant's amended complaint was characterized as a breach of contract claim. Appellant was foreclosed from amending its cause of action without first obtaining leave of the court. See Civ.R. 15. It failed to do so and is bound by its breach of contract claim set forth in the amended complaint.

Appellant's defamation claim will be discussed in its entirety under the second assignment of error. Appellant must exhaust its administrative remedies for its breach of contract claim.

Appellant's first assignment of error is overruled.

## III

In its second assignment of error, appellant contends the Superintendent of Insurance's expertise is not required to resolve its tort claims and to do so

would constitute a vain act. Appellant's claim regarding its first cause of action was discussed and determined in the first assignment of error. Appellant maintains its defamation claim was not cognizable by the Superintendent of Insurance, as his expertise is not required and he has no authority over tort claims or the requisite damage award.

Both appellant and Blue Cross rely on *State ex rel. Blue Cross & Blue Shield of N. Ohio v. Carroll* (1985), 21 Ohio App.3d 263, 21 OBR 307, 487 N.E.2d 576. In *Carroll*, this court held that the Ohio Department of Insurance and its superintendent had primary jurisdiction over pending and prospective advertising by Blue Cross in a case arising from the same set of facts as the instant case. This court found that a preliminary injunction by the common pleas court would be a constitutionally impermissible prior restraint. It was for the Ohio Department of Insurance to address such issues relating to commercial speech.

We find that *Carroll* is applicable only to prospective advertisements. Appellant has alleged the tort of defamation in its amended complaint. It is not within the authority of the Ohio Department of Insurance to grant the relief sought by appellant for its defamation claim. The Ohio Department of Insurance is not able to grant appellant monetary damages for its claim. To require appellant to first bring its defamation claim before the Superintendent of Insurance would be to require a vain act. "A vain act is defined in the context as lack of authority to grant administrative relief and not in the sense of lack of probability that the application for administrative relief will be granted." *Gates Mills Invest. Co. v. Pepper Pike* (1978), 59 Ohio App.2d 155, 167, 13 O.O.3d 191, 197–198, 392 N.E.2d 1316, 1324. The Superintendent of Insurance specifically stated that Blue Cross's advertising campaign would not be addressed at the hearing. Appellant could not have obtained an initial determination by the Superintendent of Insurance regarding Blue Cross's advertisements. Even so, it was beyond the superintendent's authority to grant relief for the tort of defamation.

It would be a vain act for appellant to be required to first bring its defamation claim before the Superintendent of Insurance. The superintendent does not have primary jurisdiction over the matter. Therefore, the trial court had jurisdiction to hear the defamation claim. Further, the doctrine of exhaustion of remedies is not applicable, as the claim is first cognizable in a court of law.

Appellant's defamation claim is remanded to the trial court.

Appellant's second assignment of error is well taken.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

MATIA and PORTER, JJ., concur.