OPINION
The present appeal arises from the decision of the Mahoning County Court of Common Pleas wherein the trial court granted Erie Insurance Group's motion for judgment on the pleadings pursuant to Civ.R. 12 (C). For the reasons set forth below, the decision of the trial court is affirmed in part, reversed in part and this cause is remanded.
 I. FACTS
Nurse Griffin Insurance Agency, Inc. ("appellant") was an independent insurance agency which had been licensed to sell insurance for Erie Insurance Group ("appellee") since 1976. Appellant was granted authorization to conduct such business as a result of a series of agency agreements, the most recent of which was executed on June 15, 1987. The terms of the agency agreement established the duties and responsibilities of the parties including the procedure by which the parties' relationship could be terminated. The relevant provision of the agreement as related to termination states as follows:
 "The regular agency relationship set forth in the above provisions of this Agreement (hereinafter called the "Relationship") will remain in force until terminated by either party in accordance with the terms in this Agreement."
Following a number of years of ongoing relations, appellant alleged that appellee began to engage in a course of conduct the purpose of which was to take control of its agency. For example, it is alleged that appellee had a number of its own employees enter appellant's business with instructions to operate it. Additionally, in 1995 appellee advised appellant that in the event it was to transfer its book of Erie business to another agency, company approval of the successor would be necessary before the successor would be licensed to transact business. Appellant alleged that the necessity of appellee's approval was used as a mechanism to control the perpetuation and transfer of Erie business. Finally, on April 11, 1995 appellee advised appellant that it had to close its Canfield office or else be subjected to termination of its agency agreement. Appellee also had informed appellant of its refusal to approve a successor chosen by appellant. When appellant refused to close its Canfield office, appellee terminated the agreement effective May 9. 1995.
Subsequent to the termination, appellant entered into negotiations with another insurance agency for purposes of selling its book of Erie business. When appellee learned of these negotiations, it is alleged that it offered to assist in the sale. However, upon appellant's acceptance of this assistance, it is alleged that appellee took steps to sabotage the sale. As a result of these actions, a complaint was filed by appellant on September 15, 1995. Said complaint brought claims regarding the bad faith termination of the agency agreement as well as the intentional interference with the opportunity to sell the agency's business.
In response to appellant's complaint, appellee filed a motion to dismiss on December 13, 1995 in which it was alleged that appellant had failed to exhaust all administrative remedies pursuant to R.C. 3905.50. Said motion was overruled by the trial court so appellee subsequently filed its answer to the complaint. Following the completion of a portion of discovery matters, appellant sought and was granted leave to file an amended complaint on January 24, 1997. Through this complaint, additional actions were alleged of wrongful interference with a contract, economic duress, fraud and negligent misrepresentation. Appellee filed an answer regarding these additional causes of action and discovery procedures continued.
On February 26, 1998 appellee filed a motion for judgment on the pleadings and reconsideration pursuant to Civ.R. 12 (C). The sole basis for appellee's motion was the case of Pappas Assoc.Agency Inc. v. State Auto. Mut. Ins. Co. (Jan. 7, 1998), Summit App. No. 18458, unreported. Pursuant to this case, appellee argued that R.C. 3905.50 precluded appellant from bringing the actions it had alleged as it had failed to exhaust its statutorily provided administrative remedies. Appellant responded by arguing that R.C. 3905.50 applied solely to the termination of an agency agreement and that its claims were not alleging wrongful termination. The trial court overruled appellee's arguments by way of its March 18, 1998 judgment entry. However, on March 19, 1998 appellee filed a reply brief in support of its motion for judgment on the pleadings. On May 11, 1998 the trial court, without the benefit of a hearing or notice to the parties, issued a second judgment entry whereby it reversed its prior ruling and granted appellee's motion for judgment on the pleadings on the basis that appellant had failed to exhaust all administrative remedies. It is from this decision that appellant filed a timely notice of appeal on May 26, 1998.
 II. ASSIGNMENTS OF ERROR
Appellant's first assignment of error reads:
 "AFTER IT HAD DENIED APPELLEE'S MOTION FOR JUDGMENT ON THE PLEADINGS, THE TRIAL COURT ERRED WHEN IT GRANTED SAME WITHOUT FURTHER MOTION, NOTICE OR HEARING."
Appellant's second assignment of error reads:
 "THE TRIAL COURT ERRED WHEN IT DISMISSED APPELLANT'S CASE FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES UNDER R.C. 3905.50."
Appellant's second assignment of error will be addressed first herein. Under appellant's second assignment of error, it is asserted that the trial court erred in dismissing the action on the basis that there had been a failure to exhaust administrative remedies. In particular, appellant argues that R.C. 3905.50 only provides an administrative remedy in those situations in which an independent contractor wishes to challenge the termination of an agency agreement by the insurer. In the case at bar, appellant alleges that it never asserted that the termination of its agency agreement by appellee was wrongful in nature. Rather, appellant asserts that all causes of action in its first amended complaint related to tortious activity by appellee which affected business relationships appellant had with other individuals. In light of this distinction, appellant believes the trial court's reliance on the Pappas decision was misplaced as R.C. 3905.50 did not provide a remedy given the circumstances in the present case.
Appellee responds to this argument by proposing that appellant's claims as set forth in its first amended complaint are nothing more than creatively tailored arguments asserted in an attempt to bypass the administrative process. Appellee insists that the claims alleged by appellant all were subject to an exclusive administrative remedy as provided for in R.C. 3905.50. It is argued that appellant inappropriately alleged causes of action which were of their very nature contract actions related to the initial termination rather than independent tort causes of action. In that appellee views all causes of action as arising out of the agency agreement, it is of the opinion that the applicable statute requires an administrative challenge prior to the filing of an action in the common pleas court. Appellee also attempts to collaterally attack the viability of appellant's causes of action by alleging that they do not state claims for which relief may be granted.
 A. APPLICABLE LAW
Motions for judgment on the pleadings are governed by Civ.R. 12 (C) which states as follows:
 "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."
Pursuant to Civ.R. 12 (C), dismissal is only appropriate where a court "(1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." State ex rel. Midwest Pride IV.Inc. v. Pontious (1996), 75 Ohio St.3d 565, 570. Due to the very nature of a Civ.R. 12 (C) motion, such are specifically designed for resolving solely questions of law. Peterson v. Teodosio
(1973), 34 Ohio St.2d 161, 166. Reviewing courts will reverse a judgment on the pleadings if plaintiffs can prove any set of facts which would entitle them to relief. Flanagan v. Williams (1993),87 Ohio App.3d 768, 772. Such a review will be done independent of the trial court's analysis to determine whether the moving party was entitled to judgment as a matter of law. Id.
In regards to the concept of exhaustion of administrative remedies, the Ohio Supreme Court has previously provided that such is a court-made rule of judicial economy created so as to prevent premature interference with agency processes by a court. Nemazeev. Mt. Sinai Med. Ctr. (1990), 56 Ohio St.3d 109, 111. The underlying purpose is to permit an agency to utilize its special expertise to correct its own errors. Id. Moreover, such procedures provide an opportunity to compile an adequate record for judicial review. Id. The end result is that this judicial deference to administrative agencies "prepare [s] the way, if the litigation should take its ultimate course, for a more informed and precise determination by the Court * * *." Id. quoting Ricci v. ChicagoMercantile Exchange (1973), 409 U.S. 289, 306. The exhaustion of administrative remedies doctrine is applicable in those situations whereby a claim is cognizable for the first time in front of an administrative agency. The Salvation Army v. Blue Cross BlueShield of N. Ohio (1993), 92 Ohio App.3d 571 citing United Statesv. Western Pacific RR. Co. (1956), 352 U.S. 59, 63.
The relevant statutory provision at issue in the case at bar which gave rise to the motion for judgment on the pleadings, is R.C. 3905.50 which states in pertinent part as follows:
 "(A) (1) Except as provided in division (A) (2). or (3) of this section, this section applies to every contract of agency between a property and casualty insurance company and an independent insurance agent, as defined in division (A) of section 3905.47 of the Revised Code, which has been in effect for not less than two years.
* * *
 (E) An agent aggrieved by the conduct of an insurer in its breach or termination of a contract of agency may file with the superintendent a request that the superintendent review the action to determine whether it is in accord with this section and the lawful provisions of the contract of agency and send a copy of the request to the insurer at the address of the office issuing the notice of termination.
* * *
 (F) * * * All final orders and decisions of the superintendent are subject to judicial review as provided in Chapter 119. of the Revised Code."
 B. ANALYSIS
Appellee's February 26, 1998 motion for judgment on the pleadings and reconsideration, as well as the trial court's May 11, 1998 judgment entry granting said motion, rely solely on the Ninth District Court of Appeals decision in Pappas, supra. However, a review of the situation presented to that court reveals that it is clearly distinguishable from the case presently before this court.
In Pappas, an independent insurance agent had his agency agreement terminated by the insurer. It was the agent's position that the termination itself constituted a breach of contract as the insurer terminated the agreement on a basis which Ohio statute specifically prohibits. As a result of the agent's discontent, a complaint was filed directly with the common pleas court alleging the following three counts: "(1) [the insurer] had breached the Agreement; (2) [the insurer] had been unjustly enriched as aresult of the wrongful termination; and (3) [the insurer] had breached a fiduciary duty." (Emphasis added). Pappas, supra at 1. Additionally, the complaint included a declaratory judgment action regarding the rights and responsibilities of the parties under the agency agreement. In that the agent had not pursued any administrative action with the Ohio Superintendent of Insurance regarding the termination, the trial court granted summary judgment for the insurer. On appeal, the court concluded that summary judgment was appropriate as the agent had an administrative remedy available under R.C. 3905.50 for the specific' causes of action brought in the complaint. Id. at 3.
As is readily apparent from a review of the claims brought by the agent in Pappas, all such claims are inextricably connected to the termination of the agency agreement. Count one of the complaint alleges that the agreement was breached. The language of R.C. 3905.50 (E) specifically states that an action may be filed with the superintendent in the event of a "breach or termination of a contract of agency." Therefore this count undeniably lies within the purview of the superintendent. The agent's second claim for relief alleges unjust enrichment on behalf of the insurer as a result of the wrongful termination. The essential element to the claim is the wrongful termination itself. Lastly, the agent relates a breach of fiduciary duty by the insurer. Said breach again relates to the termination itself.
Due to the very nature of these claims, the appellate court in Pappas correctly held that the agent's complaint was subject to dismissal for the failure to exhaust the administrative remedies available under R.C. 3905.50. These claims which directly and solely involve the termination of the agency agreement are precisely those types of actions which the statute anticipates a review by the Ohio Superintendent of Insurance. It is this type of claim which addresses the termination of the agency agreement which the statute foresees as providing the opportunity for the administrative agency to use its expertise. Nemazee, supra. By permitting the agency to address this type of matter with which it is inherently familiar, an opportunity is provided to create a record in the event a later appeal is made to the common pleas court. Id. To permit the matters at issue in Pappas to be raised for the first time in the common pleas court would equate to the type of premature interference with agency procedure which the Ohio Supreme Court has previously discouraged.
In the present case however, with the exception of count two of the amended complaint, the trial court was not faced with those types of causes of action which are cognizable for the first time in front of the Ohio Superintendent of Insurance. As appellant has indicated on numerous occasions to both this court and the trial court, a challenge has never been posed to the May 9, 1995 termination of the agency agreement. It has not been asserted that the termination of the agency agreement was wrongful, that it constituted a breach of contract or that the provisions of R.C.3905.50 were violated. On the contrary, the majority of the allegations contained in appellant's amended complaint relate to activities performed by appellee which were separate and apart from the termination itself.
While appellee attempts to connect the causes of action alleged by appellant to the termination, such efforts are tenuous at best. The only claim in appellant's amended complaint which could properly be dismissed on the grounds of failing to exhaust administrative remedies is count two. In this section of the complaint, appellant states in relevant part at paragraph 48:
 "In an action concerning an agency contract, Ohio law recognizes a legal duty of good faith on the exercise of a facially unrestricted termination clause." (Emphasis added).
The language used in this count of the complaint alleges that appellee did not act in good faith when exercising the termination clause in the agency agreement. Such a cause of action relating to the termination itself is precisely the type of action covered under R.C. 3905.50. As such, the appropriate avenue for this particular claim would have been to permit the Ohio Superintendent of Insurance to utilize its expertise in administratively addressing the claim. Nemazee, supra. Having failed to exhaust the available administrative remedy, appellant was properly precluded from alleging this claim at the trial court level. As such, that portion of the trial court's decision which dismissed count two of the amended complaint is affirmed.
However, appellant's remaining causes of actions were not subject to administrative review as they did not pertain to the termination of the agency agreement. As appellant indicated at the trial level and on appeal, the causes of actions alleged in the amended complaint pertain to tortious activities performed by appellee both before and after the actual termination. In particular, the causes of action relate to appellee's order for appellant to close its Canfield office as well as appellee's interference with the sale of the book of Erie business. The specific allegations raised by appellant are as follows: 1) breach of the covenant of good faith and fair dealing as related to the sale of appellant's book of Erie Insurance business to a successor; 2) interference with prior contracts as related to the closing of the Canfield office; 3) interference with the sale of the book of Erie Insurance business; 4) economic duress; 5) fraud; and 6) negligent misrepresentation. There additionally was a request for a declaratory judgment finding that the initial agency agreement was a contract of adhesion and thus void.
Unlike the claims set forth in Pappas, these causes of action do not rely upon the termination itself or its validity in order to be successful. Said claims are wholly independent from the termination and therefore do not lie within the area of expertise of the superintendent. Hence, it cannot be held that the causes of action were cognizable for the first time at the administrative agency level. See The Salvation Army, supra. These allegations simply cannot be encompassed within the class of matters which are controlled by R.C. 3905.50.
As a result, the trial court erred in granting the motion for judgment on the pleadings as related to all causes of action with the exception of count two of the amended complaint as there was no failure to exhaust administrative remedies. Appellant's first assignment of error is rendered moot with the exception to its application to count two of appellant's amended complaint as we are affirming that portion of the trial court's decision. However, appellant's argument under its first assignment of error as it relates to count two can be readily eliminated. As appellee appropriately indicates, a trial court has the inherent power to control and modify its orders so long as the order is not one which is final and appealable pursuant to R.C. 2505.02. In ReGuardianship of Maurer (1995), 108 Ohio App.3d 354, 358. In the case at bar, the trial court's initial decision overruling the motion for judgment on the pleadings clearly was not a final appealable order. Therefore, due to the interlocutory nature of the court's decision, the trial court was permitted to alter its decision without the benefit of an additional hearing once it had reviewed appellee's reply brief. As such, appellant's first assignment of error is without merit as it pertains to count two of the amended complaint.
For the foregoing reasons, the decision of the trial court is affirmed as to count two of the amended complaint and reversed in all other aspects. This cause is remanded to the trial court for further proceedings consistent with this court's opinion and according to law.
Cox, P.J., concurs.
Donofrio, J., concurs.
APPROVED:
 ________________________________ JOSEPH J. VUKOVICH, JUDGE