On October 29, 1999, we entered a Decision and Entry denying the relief requested in the petition for writ of prohibition filed herein. In the interests of a timely disposition, we indicated that a written opinion stating the reasons for our decision would be deferred to a later date.
Prohibition is an extraordinary writ issued by a higher court to a lower court or tribunal, to prevent usurpation or exercise of judicial powers or functions for which the lower court or tribunal lacks jurisdiction. State ex rel. Winnefeld v. Butler CountyCourt of Common Pleas (1953), 159 Ohio St. 225.
 Three conditions must exist to support the issuance of a writ of prohibition: (1) the court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power, (2) the exercise of such power must be clearly unauthorized by law, and (3) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy in the ordinary course of law.
State ex rel. LaBoiteaux Company, Inc. v. Court of Common Pleas,Hamilton County (1980), 61 Ohio St.2d 60, 61.
Prohibition will issue if there is a complete lack of jurisdiction on the part of a court or tribunal, or where a particular issue is clearly outside its jurisdiction, or where it proposes to exercise some power it clearly does not have, even though the remedy of an appeal may be available. State ex rel.Gila v. Fellerhof (1975), 44 Ohio St.2d 86. In that event, it must be shown that the respondent court patently and unambiguously lacks jurisdiction over the cause. State ex rel. City of Daytonv. Kerns (1977), 49 Ohio St.2d 295. Prohibition may not be used as a substitute for appeal. State ex rel. Celebrezze v. ButlerCounty Court of Common Pleas (1979), 60 Ohio St.2d 188., Respondent, Judge David G. Sunderland, is a judge of the Court of Common Pleas of Montgomery County. Petitioner, Dental Care Plus, Inc., alleges that Judge Sunderland lacks jurisdiction to determine a claim for relief alleging defamation that was brought against Petitioner by a commercial competitor, Superior Dental Care, Inc., in court of common pleas case number 99-3385.
Superior Dental Care, Inc. and Dental Care Plus, Inc., are dental HMO's. In the underlying defamation action, Superior Dental Care, Inc. alleges that it has been defamed by certain representations made by Dental Care Plus, Inc. to dentists who might participate in either health plan. In those claims, Dental Care Plus, Inc. represented that, on the basis of tests applied by bankers and other creditors, Superior Dental Care, Inc.'s twenty-two day cash balance is a "precarious" source for full and prompt reimbursement of participating dentists. Petitioner herein, Dental Care Plus, Inc., argues that these alleged misrepresentations and the relief available to Superior Dental Care, Inc. for them are matters committed exclusively to the jurisdiction conferred on the Superintendent of Insurance pursuant to R.C. 3901.20, et seq.
R.C. 3901.20 prohibits unfair or deceptive acts or practices in the business of insurance. R.C. 3901.21 defines what practices are unfair and deceptive. Division (C) of that section states that such acts or practices include:
 Making, publishing, disseminating, or circulating, directly or indirectly, or aiding, abetting, or encouraging the making, publishing, disseminating, or circulating, or preparing with intent to so use, any statement, pamphlet, circular, article, or literature, which is false as to the financial condition of an insurer and which is calculated to injure any person engaged in the business of insurance.
R.C. 3901.22 authorizes any person who is affected by an unfair or deceptive act or practices prohibited by R.C. 3901.20 to complain to the Superintendent of Insurance. That section also authorizes the Superintendent to investigate the claim, to issue orders to cease and desist, and to impose fines payable to the state treasury. Division (H) of R.C. 3901.22 permits the Attorney General to seek preliminary and/or permanent injunctive relief to enjoin acts or practices which the Superintendent deems unfair or deceptive.
Petitioner, Dental Care Plus, Inc., argues that the foregoing sections operate to deprive Judge Sunderland of jurisdiction to hear and determine the claim for relief that Superior Dental Care, Inc. has brought, and that for that reason a writ of prohibition should issue. It appears that Superior Dental Care, Inc. has complained of these matters to the Superintendent of Insurance, who is currently investigating them.
R.C. 3901.20, et seq. have been construed to deprive the court of common pleas of jurisdiction to hear, determine, and grant relief on a claim alleging a violation of R.C. 3901.20.State ex rel. Blue Cross and Blue Shield Mutual of Northern Ohiov. Carroll, Judge (1985), 21 Ohio App.3d 263. However, those sections do not deprive persons affected by such acts or practices of their right to an action for damages for defamation or interference with their business activities. Id. Even so, the doctrine of "primary jurisdiction" may yet operate to deprive the court of jurisdiction to hear the action. Salvation Army v. BlueCross and Blue Shield of Northern Ohio (1993), 92 Ohio App.3d 571.
 The doctrine of primary jurisdiction will be utilized when the circumstances and their underlying legal issues would be better ascertained and interpreted by the agency specializing in that area. W. Pacific, supra, 352 U.S. at 65, 77 S.Ct. at 165-166, 1 L.Ed.2d at 132-133. The criteria used in making this determination are the "character of the controverted question and the nature of the inquiry necessary for its solution." Great N. Ry. Co. v. Merchants Elevator Co. (1922), 259 U.S. 285, 42 S.Ct. 477, 66 L.Ed. 943. The agency should make the determination in technical matters to maintain some uniformity in agency policy and to take advantage of the agency's expertise. If a question of law is presented, the court should make the initial determination. The doctrine of primary jurisdiction comes into play if the use of administrative proceedings will contribute to a meaningful resolution of the lawsuit. If it will, the trial court should defer any action until that determination is made by the agency. Lugo, supra, 426 F. Supp. at 32.
Id., at p. 576.
Two issues of fact are presented by the defamation action brought in the case pending before Judge Sunderland. The first issue is whether the representations concerning the solvency of Superior Dental Care, Inc., are false; specifically, whether, as represented by Dental Care Plus, Inc., Superior Dental Care, Inc.'s twenty-two day cash balance is a "precarious" source for full and prompt reimbursement of participating dentists on the basis of tests applied by "bankers and other creditors." If misrepresentation is found, the second issue presented is whether Dental Care Plus, Inc. published the misrepresentation with an intent to defame Superior Dental Care, Inc.
The second issue, the issue of intent, does not involve a matter requiring application of any particular expertise that the Superintendent of Insurance possesses. The first issue might. However, it does not appear to require an inquiry into any matter peculiar to the insurance business. Rather, it involves whether Superior Dental Care, Inc.'s cash balance is "precarious" in respect to reimbursement of participating dentists according to tests applied by "bankers and other creditors." The opinions of such persons are, therefore, the central question in the defamation alleged. The existence of such opinions does not present a question that the Superintendent of Insurance would better ascertain or interpret.
In response to a motion to dismiss that was filed in the underlying action, Judge Sunderland has decided to first proceed to determine the issue of liability on the defamation claim, and then to award money damages and injunctive relief as appropriate. An appeal may lie from a final judgment on those matters, and a stay of any relief granted may be sought pending resolution of the appeal. With respect to the rights which Petitioner herein has alleged, those proceedings offer an adequate remedy at law.
We cannot find that Judge Sunderland patently and unambiguously lacks jurisdiction to proceed to hear and determine the claims in the underlying defamation action or to grant relief on them. Therefore, a writ of prohibition may not issue. Stateex rel. City of Dayton v. Kerns, supra.
The writ of prohibition which Petitioner sought is and was denied for the foregoing reasons.
 __________________________________ THOMAS J. GRADY, PRESIDING JUDGE
 __________________________________ JAMES A. BROGAN, JUDGE
 __________________________________ MIKE FAIN, JUDGE
Copies mailed to:
John C. Greiner, Esq.
Greg Dunsky, Esq.
Terence L. Fague, Esq.
Dina M. Cary, Esq.
Hon. David G. Sunderland