THE STATE, EX REL. CITY OF DAYTON, *v.* KERNS,
PRESIDING JUDGE, ET AL.

[Cite as State, ex rel. Dayton, v. Kerns (1977),
49 Ohio St. 2d 295.]

(No. 76-450—Decided March 30, 1977.)

*Mr. James W. Drake,* city attorney, and *Mr. Edward M. Taylor, Jr.,* for relator.

*Mr. Lee C. Falke*, prosecuting attorney, and *Mr. Herbert Creech*, for respondents.

*Per Curiam.* The main issue presented by this cause is whether a writ of prohibition should issue under the facts of the instant controversy. The conditions prerequisite to issuance of a writ of prohibition include:

" * * * (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) it must appear that the refusal of the writ would result in injury for which there is no adequate remedy; (3) the exercise of such power must amount to an unauthorized usurpation of judicial power." *State, ex rel. Northern Ohio Telephone Co.*, v. *Winter* (1970), 23 Ohio St. 2d 6, 8.

The city maintains that prohibition should be granted because the Court of Appeals exercised judicial power, usurped that power, and inflicted injury from which the city has no adequate remedy, when it denied Kucharski's motion to dismiss and sustained Thies' motion to stay annexation and enjoin the city, its officers, employees and agents from providing services to the Mad River property until "disposition of this appeal." Since issuing an injunction clearly involves the exercise of judicial power (*Northern Ohio Telephone, supra,* at page 8), the first prerequisite for prohibition is met. The city maintains further that the order usurps judicial power because the city is not bound by the injunction under Civ. R. 65(D) and because it was never a party to the action giving rise to the injunction. The city also argues that the order usurps judicial power because the city commission validly annexed the Mad River property, and the reason for the injunction is now moot. The city also maintains that it has no adequate remedy of appeal from the court order because it is a nonparty.

Since prohibition will not lie unless all three prerequisites are met, it is not necessary for this court to determine whether the injunction usurps judicial power if the city has an adequate remedy alternative to prohibition. The city

correctly contends that appeal from the injunction order is not available as a remedy, for it did not intervene in the Court of Appeals, and it was not served with notice of the appeal or joined in the appeal by the motions of either party or the court itself. The city was therefore not a party to the appeal, and, as a nonparty, it has no right of direct appeal from the adjudication in the Court of Appeals. *State, ex rel. Jones,* v. *Wilson* (1976), 48 Ohio St. 2d 349.

However, direct appeal is not the only alternative remedy which will bar prohibition. (See 44 Ohio Jurisprudence 2d, Prohibition, Section 15.) One remedy available to the city is to request a modification of the injunction.* In *Ferris* v. *Bd. of Commrs.* (1907), 9 C. C. (N. S.) 169, 170, 19 C. D. 622, 623, 624, affirmed 80 Ohio St. 755, the court upheld the right of a necessary party, in "an original action for equitable relief," to "attack the decree" of a court "so far as it affects his interest" even though that necessary party was not joined in the action which gave rise to the injunction.

Civ. R. 19(A) defines a necessary party, as follows:

"A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect that interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee. * * *"

According to its officials, the city actively pursued a policy of annexation. Furthermore, it has an interest in

---

*In general, the power of a court to modify an injunction derives from "the continuing operation" of the court order. Note, Power of a Court to Modify a Final Permanent Injunction (1947), 46 Mich. L. Rev. 241. See also Civ. R. 65 and Civ. R. 60.

the tax revenues from the land dealt with by ordinance No. 25084, and it cannot, while the injunction is in force, either render services to or collect taxes from the residents of the Mad River property. It would appear, therefore, that the city of Dayton has at least an arguable "interest relating to the subject of the action" and that it "is so situated that the disposition of the action" may "as a practical matter impair or impede" its ability "to protect that interest." Since the city is, at least arguably, a necessary party, the Court of Appeals would have jurisdiction to hear its motion for modification of the injunction order. Moreover, since the court has that jurisdiction, the city has a remedy alternative to prohibition.

The instant cause does not, therefore, meet all the prerequisites for prohibition set forth in *Northern Ohio Telephone, supra*, and we must deny relator's application for a writ of prohibition.

*Writ denied.*

O'NEILL, C. J., HERBERT, W. BROWN, P. BROWN and SWEENEY, JJ., concur.

CELEBREZZE and LOCHER, JJ., concur in the judgment.

CELEBREZZE, J., concurring in the judgment. I write separately because, in my view, it is unnecessary to exhume a 1907 circuit court decision in order to vivify an alternative remedy to prohibition. Moreover, the court, in *Ferris v. Bd. of Commrs.* (1907), 9 C. C. (N. S.) 169, premises its decision, at page 170, upon the following observation: "We are of the opinion that the present plaintiff was a necessary party to the injunction suit, and not being made such can, in this action, attack the decree so far as it affects his interest in the contract * * *." The record indicates that the relator herein *was* served with a copy of the motion for the temporary injunction and with a notice of the hearing on the motion.

As noted by the majority, one of the prerequisites to the issuance of a writ of prohibition is that the refusal of the writ would result in *injury*, for which there is no adequate remedy. See *State, ex rel. Northern Ohio Telephone Co.,* v. *Winter* (1970), 23 Ohio St. 2d 6; *State. ex rel. Lehmann,* v. *Cmich* (1970), 23 Ohio St. 2d 11; *State, ex rel. Dayton Newspapers,* v. *Phillips* (1976), 46 Ohio St. 2d 457 (dissenting opinion). In the instant cause, relator contends that unless the writ issues it will suffer irreparable injury, in that it "* * * is losing untold revenues from the area which properly belongs to Dayton * * *."

Whether relator is entitled to the "untold revenues" is an issue which will be decided, indirectly, by the landowners' pending appeal. Until such time as the appellate court rules in favor of the landowners seeking annexation, and the city properly accepts annexation under R. C. 709.10, the property owners are not entitled to city services obtainable through annexation, and, consequently, relator, city of Dayton, is not entitled to collect revenues therefor.

Locher, J., concurs in the foregoing concurring opinion.