The STATE ex rel. CUYAHOGA COUNTY DEPARTMENT OF
CHILDREN AND FAMILY SERVICES et al., Relators,

v.

FERRERI, Judge, Respondent.

[Cite as *State ex rel. Cuyahoga Cty. Dept. of Children &
Family Serv. v. Ferreri* (1994), 96 Ohio App.3d 660.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 67840.

Decided Sept. 26, 1994.

*Barbara Danforth,* for relator Cuyahoga County Department of Children and Family Services.

*John Lawson,* for relators Mary and Abdul Raheen Abdullah.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, for respondent Judge Robert A. Ferreri.

---

SPELLACY, Presiding Judge.

By entry journalized August 12, 1993 in *In re Shampail Hitchcock,* Cuyahoga County Juvenile Court case No. 9303606, respondent found Shampail Hitchcock neglected and committed Shampail to the permanent custody of relator Cuyahoga County Department of Children and Family Services ("CCDCFS"). Relators aver that CCDCFS had taken emergency temporary custody of Shampail on the day of her birth, February 24, 1993, and had placed her in the foster care of Tim and Cherie Burich on February 27, 1993.

Relators further aver that CCDCFS removed Shampail from the Burich home on February 11, 1994 and, on February 22, 1994, placed Shampail with relators Mary and Abdul–Raheen Abdullah for the purpose of adoption. The Abdullahs had previously adopted one of Shampail's siblings. With the consent of CCDCFS, the Abdullahs filed a petition for adoption in probate court on July 14, 1994. Probate court scheduled the petition for hearing on September 7, 1994.

An entry issued by respondent and journalized on August 9, 1994 states, in part:

"The court orders Cuyahoga County Department of Children and Family Services and any prospective adoptive parents relative to the adoption proceedings in the probate court, be it judge or referee, stayed and held in abeyance until this particular case is resolved and until this court relinquishes jurisdiction pursuant to statute. It is ordered that any person who violates this order will be held in contempt of this court. Request by Department of Children and Family Services. It is ordered that the said child is to remain in the permanent custody of Cuyahoga County Department of Children and Family Services; maintain

current placement. The court finds that in order to make sure that the interests of justice and the best interests of the child are served, the court will have a hearing. * * * This matter is continued to 10/4/94 at 8:30 a.m. for full hearing on the merits."

Relators assert that respondent may hold them in contempt if they go forward with the adoption proceeding. Relators request, therefore, that this court issue the following:

"(1) a peremptory Writ of Prohibition prohibiting Respondent from enforcing his order of August 9, 1994 and from attempting to exercise any further jurisdiction in the matter of Shampail Hitchcock;

"(2) an alternative Writ of Prohibition prohibiting Respondent from taking any action to change the status quo pending issuance of the peremptory Writ * * *."

■ For the reasons stated below, we deny relators' request for an alternative writ and dismiss this action, *sua sponte*. Additionally, we note that relators did not comply with Loc.App.R. 8(B)(1) which provides, in part: "If an alternative writ is requested, the plaintiff or relator must also submit an application for the alternative writ and an order therefor." Relators have not submitted a separate application for alternative writ.

Relators request that this court prohibit respondent with respect to two related but different proceedings. That is, relators request that this court prevent respondent from enforcing his August 9, 1994 order by holding relators in contempt and imposing a sanction on them. They also request, however, that we prevent respondent from going forward with respect to case No. 9303606. We will consider these requests separately in light of the standards applicable to all actions in prohibition.

■ Relief in prohibition is available only in limited circumstances.

"The conditions which must exist to support the issuance of a writ of prohibition are: (1) The court or officer against whom it is sought must be about to exercise judicial or quasi-judicial power; (2) the exercise of such power must be unauthorized by law; and (3) it must appear that the refusal of the writ would result in injury for which there is no other adequate remedy in the ordinary course of the law." *State ex rel. McKee v. Cooper* (1974), 40 Ohio St.2d 65 [69 O.O.2d 396, 320 N.E.2d 286], paragraph one of the syllabus, quoted in *Bobb v. Marchant* (1984), 14 Ohio St.3d 1, 3, 14 OBR 1, 2, 469 N.E.2d 847, 849.

Under some circumstances, however, a relator in an action in prohibition need not meet all three of these criteria.

"Ordinarily, all three prerequisites must be present before a claim in prohibition has been stated. *State, ex rel. Dayton, v. Kerns* (1977), 49 Ohio St.2d 295,

297 3 O.O.3d 441, 443, 361 N.E.2d 247, 249. However, we have held that '[i]f an inferior court is without jurisdiction whatsoever to act, the availability or adequacy of a remedy of appeal to prevent the resulting injustice is immaterial to the exercise of supervisory jurisdiction by a superior court to prevent usurpation of jurisdiction by the inferior court.' *State, ex rel. Adams, v. Gusweiler* (1972), 30 Ohio St.2d 326, 329, 59 O.O.2d 387, 388, 285 N.E.2d 22, 24; *State, ex rel. Johnson, v. Perry County Court* (1986), 25 Ohio St.3d 53, 58, 25 OBR 77, 81, 495 N.E.2d 16, 21. But before we will exercise our jurisdiction to issue the writ in such instance, there must be a patent and unambigous [*sic*] lack of jurisdiction of the inferior court which clearly places the dispute outside the court's authority. *State, ex rel. Smith, v. Court* (1982), 70 Ohio St.2d, 213, 215–216, 24 O.O.3d 320, 321, 436 N.E.2d 1005, 1007, citing *State, ex rel. Gilla, v. Fellerhoff* (1975), 44 Ohio St.2d 86, 88, 73 O.O.2d 328, 329, 338 N.E.2d 522, 523. Thus, where this showing has not been made, the availability of an adequate remedy in the ordinary course of law precludes the issuance of the writ of prohibition." *Tilford v. Crush* (1988), 39 Ohio St.3d 174, 176, 529 N.E.2d 1245, 1247.

Relators argue that the filing of the petition for adoption terminated the jurisdiction of respondent to proceed with case No. 9303606. In support of this position, relators have attached a copy of *In re Moran* (Apr. 13, 1994), Hamilton App. Nos. C–920904 and C–920944 through 920950, unreported, 1994 WL 123683. In *Moran,* the court stated: "The juvenile court continues its charge of the care and protection of the child until the invocation of probate court jurisdiction." *Id.* at 6. The issue in *Moran* was whether a guardian *ad litem* would have a continuing role after an agency with permanent custody had placed a child with a couple for the purpose of adoption. In this context, the *Moran* court's remarks regarding the jurisdictional interaction between juvenile and probate courts are arguably dicta. Furthermore, an unreported decision of another court of appeals is not controlling with respect to this court. S.Ct.R.Rep.Op. 2(G).

Rather, we note that R.C. 2151.353(E)(1) provides, in part:

"The [juvenile] court shall retain jurisdiction over any child for whom the court issues an order of disposition pursuant to division (A) of this section * * * until * * * the child is adopted and a final decree of adoption issued * * *."

R.C. 2151.353(A)(4) authorizes the juvenile court to commit a neglected child to the permanent custody of a public children services agency. R.C. 2151.417(C) requires that a court issuing a dispositional order pursuant to R.C. 2151.353 must hold periodic review hearings "until the child is adopted."

Despite *Moran,* these provisions in R.C. Chapter 2151 are not consistent with relators' assertions that there is "a patent and unambiguous lack of jurisdiction" on the part of respondent to go forward in case No. 9303606. That is, we cannot conclude that respondent's going forward in case No. 9303606 is unauthorized by

law. As a consequence, relators are unable to meet the requirements of prohibition and, to the extent that they request that this court prevent respondent from going forward with case No. 9303606, the complaint is dismissed, *sua sponte*, for failure to state a claim upon which relief can be granted.

■ As was mentioned above, relators also request that this court prevent respondent from enforcing his August 9, 1994 order through contempt proceedings. Prohibition does not lie to prevent a court from exercising its jurisdiction to conduct contempt proceedings—with respect to which, there is an adequate remedy at law. See, *e.g., State ex rel. Mancino v. Campbell* (1993), 66 Ohio St.3d 217, 220, 611 N.E.2d 319, 321. Pursuant to R.C. 2151.21, "[t]he juvenile court has the same jurisdiction in contempt as courts of common pleas." As a consequence, relators are unable to meet the requirements of prohibition and, to the extent that they request that this court prevent respondent from enforcing his August 9, 1994 order, the complaint is dismissed, *sua sponte*, for failure to state a claim upon which relief can be granted.

Accordingly, relators' request for an alternative writ is denied and the complaint in prohibition is, *sua sponte*, dismissed in its entirety for failure to state a claim upon which relief can be granted. Relators to pay costs.

*Writs denied.*

NUGENT and PORTER, JJ., concur.