ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On December 4, 2003, Robert Grundstein filed a complaint for a writ of prohibition against Judge Patrick Carroll of the Lakewood Municipal Court. On February 27, 2004, Judge Carroll filed a motion to dismiss and or motion for summary judgment. Thereafter, on April 5, 2004, Mr. Grundstein filed his response to the motion to dismiss and or motion for summary judgment. For the following reasons, we grant respondent's motion for summary judgment.
 {¶ 2} According to filings, Mr. Grundstein was charged with the improper handling of a firearm and appeared before the Lakewood Municipal Court on March 19, 2002. After being informed of the nature of the charge, the possible penalties and his right to counsel, Mr. Grundstein waived his right to counsel and entered a plea of no contest. Judge Carroll found Mr. Grundstein guilty of the offense and sentenced him to a suspended jail sentence and a fine of $750 of which $500 was suspended. Mr. Grundstein was then placed on two (2) years unsupervised probation and was required to forfeit the weapon. The record further indicates that Mr. Grundstein did not appeal his conviction.
 {¶ 3} Thereafter, Mr. Grundstein filed motions to modify a condition of his probation that prevented him from purchasing a weapon. Judge Carroll denied these motions. On May 1, 2003, the Lakewood Municipal Court Probation Officer filed a probation violation charge against Mr. Grundstein alleging that he altered a court document in order to acquire a firearm. The probation violation hearing was scheduled for June 30, 2003.
 {¶ 4} On June 27, 2003, Mr. Grundstein faxed a motion to continue the probation violation hearing due to personal conflicts which was denied due to the late request. When Mr. Grundstein did not appear at the hearing, an arrest warrant was issued. Thereafter, Mr. Grundstein continued to file various motions challenging the validity of his conviction and the conditions of his probation. According to Judge Carroll, the court set a hearing for November 4, 2003 to rule on these motions but Mr. Grundstein failed to appear. Mr. Grundstein now requests that this court issue a writ of prohibition to prevent the enforcement of all actions, judgments and warrants made by the Lakewood Municipal Court with respect to the hearings of March 19, 2002 and June 30, 2003.
 {¶ 5} In his petition, Mr. Grundstein argues that Judge Carroll's authority to issue a bench warrant is unauthorized because he was denied due process of law. Specifically, Mr. Grundstein states that the court does not have personal jurisdiction because he did not receive adequate notice of the original charge or the alleged probation violation.
 {¶ 6} In his motion to dismiss and or motion for summary judgment, Judge Carroll asserts that he is vested with discretion in determining proper conditions of probation, and that Mr. Grundstein has an adequate remedy by way of appeal. We agree.
 {¶ 7} The principles governing prohibition are well established. In order to be entitled to a writ of prohibition, a relator must establish that the respondent is about to exercise judicial or quasi-judicial power; that the exercise of such power is unauthorized by law; and that the denial of the writ will cause injury to relator for which no other adequate remedy in the ordinary course of law exists. State ex rel. White v. Junkin
(1997), 80 Ohio St.3d 335, 686 N.E.2d 267; State ex rel. Largentv. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239.
 {¶ 8} Under some circumstances, however, a party relator in an action in prohibition need not meet all three of these criteria:
"Ordinarily, all three prerequisites must be present before aclaim in prohibition has been stated. State ex rel. Dayton v.Kerns (1977), 49 Ohio St.2d 295, 361 N.E.2d 247. However, wehave held that `if an inferior court is without jurisdictionwhatsoever to act, the availability or adequacy of a remedy ofappeal to prevent the resulting injustice is immaterial to theexercise of supervisory jurisdiction by a superior court toprevent usurpation of jurisdiction by the inferior court.' Stateex rel. Adams v. Gusweiler (1972), 30 Ohio St.2d 326, 329,285 N.E.2d 22; Johnson v. Perry County Court (1986),25 Ohio St.3d 53, 58,495 N.E.2d 16. But before we will exercise ourjurisdiction to issue the writ in such instance, there must be apatent and unambigous (sic) lack of jurisdiction of the inferiorcourt which clearly places the dispute outside the court'sauthority. State ex rel. Smith v. Court (1982),70 Ohio St.2d 213, 215-216, 436 N.E.2d 1005, citing State ex rel. Gilla v.Fellerhoff (1975), 44 Ohio St.2d 86, 88, 338 N.E.2d 522. Thus,where this showing has not been made, the availability of anadequate remedy in the ordinary course of law precludes theissuance of the writ of prohibition.
 Tilford v. Crush (1988), 39 Ohio St.3d 174, 176,529 N.E.2d 1245.
 {¶ 9} In this matter, we find that Mr. Grundstein failed to establish that Judge Carroll patently and ambiguously lacked jurisdiction to proceed in this matter. Judge Carroll clearly has the authority to conduct a probation revocation hearing. See Crim.R. 32.3; R.C. 2951.08; and R.C. 2951.09. Moreover, the municipal court's probation jurisdiction is not limited because there may be reversible error in the trial which served as the basis for the probation violation charge. State ex rel. Dowdy v.Baird (1983), 3 Ohio St.3d 10, 444 N.E.2d 1032. Furthermore, we find that Mr. Grundstein has an adequate remedy at law by filing a delayed appeal concerning his original conviction, and by appealing the revocation of his probation, if necessary.
 {¶ 10} Accordingly, we grant the respondent's motion for summary judgment. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
 {¶ 11} The writ is denied.
Writ denied.
 Dyke and Rocco, JJ., Concur.