OPINION and JOURNAL ENTRY
{¶ 1} Relator, Kent C. Foster, has filed an application for writ of prohibition, and according to the information on his application, is an inmate in a correctional facility. R.C. 2969.25 requires an inmate, at the time he or she commences a civil action against a government entity or employee, to attach an affidavit of all civil actions filed by him or her within the past five years. If an inmate fails to comply with R.C.2969.25, his or her complaint for an original action will be dismissed. See State ex rel. Zanders v. Ohio Parole Bd. (1998), 82 Ohio St.3d 421,696 N.E.2d 594; State ex rel. Williams v. Markus, 8th Dist. No. 82440, 2003-Ohio-660, at ¶ 4.
 {¶ 2} In this case, relator has failed to attach an affidavit as required by R.C. 2969.25. Moreover, although relator lists respondents as "BELMONT COUNTY COURT OF COMMON PLEAS, et al." the caption does not include any individual or the addresses of all the parties, as required by Civ.R. 10(A). Relator also seeks relief from the "Belmont County Prosecuting Attorney's Office" and the "Ohio Department of Rehabilitation and Correction." The failure to properly caption an original action is sufficient grounds for denying the writ and dismissing the petition. SeeChisum v. Accused, 8th Dist. No. 82798, 2003-Ohio-2876, at ¶ 8, citing to State ex rel. Sherrills v. State (2001), 91 Ohio St.3d 133,742 N.E.2d 651. Additionally, relator's "application" does not reflect a certificate of service on any of the respondents.
 {¶ 3} Accordingly, relator's petition for writ of prohibition is dismissed. Court costs of this action are assessed to relator.
Donofrio, P.J., concurs.
Waite, J., concurs.
DeGenaro, J., concurs.