JOURNAL ENTRY AND OPINION
{¶ 1} Relator, TRW Automotive U.S. LLC ("TRW"), is a party in two related personal injury/product liability actions.[1] Both cases are assigned to respondent judge, Peter J. Corrigan.
 {¶ 2} On February 2, 2007, respondent granted the plaintiffs' motion for discovery sanctions against TRW. Respondent has scheduled a discovery sanctions hearing for Wednesday, April 18, at 9:30 a.m.
 {¶ 3} The criteria for the issuance of a writ of prohibition are well-established.
 "In order to be entitled to a writ of prohibition, [relator] had to establish that (1) the [respondent] is about to exercise judicial or quasi-judicial power, (2) the exercise of such power is unauthorized by law, and (3) denial of the writ will cause injury to [relator] for which no other adequate remedy in the ordinary course of law exists. State ex rel. White v. Junkin
(1997), 80 Ohio St.3d 335, 336, 686 N.E.2d 267, 268."[2]
Courts implement these criteria by applying a two-part test.
 "A two-part test must be employed by this Court in order to determine whether a writ of prohibition should be issued. State ex rel. East Mfg. Corp. v. Ohio Civ. Rights Comm. (1992), 63 Ohio St.3d 179; Dayton Metro. Hous. Auth. v. Dayton Human Relations Council (1992), 81 Ohio App.3d 436. Initially, we must determine whether the respondent patently and unambiguously lacks jurisdiction to proceed. The second step involves the determination of whether the relator possesses an adequate remedy at law. State ex rel. Natalina Food Co. v. Ohio Civ. Rights Comm. (1990), 55 Ohio St.3d 98.[3] *Page 4 
 {¶ 4} Obviously, respondent judge exercises judicial power. Relief in prohibition is appropriate, however, in limited circumstances.
 "Prohibition will not lie unless it clearly appears that the court has no jurisdiction over the cause that it is attempting to adjudicate or the court is about to exceed its jurisdiction. State ex rel. Ellis v. McCabe (1941), 138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State ex rel. Sparto v. Juvenile Court of Darke County (1950), 153 Ohio St. 64, 65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty. Court of Common Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 641; Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio L. Abs. 141, 145 N.E.2d 447."[4]
 {¶ 5} In this action in prohibition, TRW complains that respondent is without authority to impose discovery sanctions[5] because he has not issued the prerequisite order compelling TRW to provide discovery. Furthermore, TRW claims that:
 "If Respondent is permitted to proceed with the sanctions hearing, TRW Automotive and its counsel will be forced to choose between compromising the attorney client privilege and the protection of the work product doctrine or risk suffering unlawful sanctions, as well as contempt, for refusing to answer questions which will inevitably implicate privileged material."[6]
 {¶ 6} The parties have briefed one case in which the court of appeals had dismissed an action in prohibition in which the relators claimed that the respondent *Page 5 
judge's "discovery orders and sanctions were entered without any jurisdiction because they violated their attorney-client privilege."[7] The Supreme Court affirmed the dismissal and observed:
 "First, as we have consistently held, "trial courts have the requisite jurisdiction to decide issues of privilege; thus extraordinary relief in prohibition will not lie to correct any errors in decisions of these issues." Herdman, 83 Ohio St. 3d at 538, 700 N.E.2d at 1271; State ex rel. Children's Med. Ctr. v. Brown (1991), 59 Ohio St. 3d 194, 196, 571 N.E.2d 724, 726; Rath v. Williamson (1992), 62 Ohio St. 3d 419, 583 N.E.2d 1308. Trial courts also have extensive jurisdiction over discovery, including inherent authority to direct an in camera inspection of alleged privileged materials and to impose sanctions for failure to comply with discovery orders, so a writ of prohibition will not generally issue to challenge these orders. See State ex rel. Grandview Hosp. Med. Ctr v. Gorman (1990), 51 Ohio St. 3d 94, 95-96, 554 N.E.2d 1297, 1299-1300; see, also, Nakoff v. Fairview Gen. Hosp. (1996), 75 Ohio St. 3d 254, 662 N.E.2d 1, syllabus ("A trial court has broad discretion when imposing discovery sanctions.")."[8]
 {¶ 7} Additionally, relator insists on characterizing the trial court's going forward with the sanctions hearing as proceeding without jurisdiction. Yet, relator has not provided this court with controlling authority which demonstrates that respondent is patently andunambiguously without jurisdiction. Rather, we agree with respondent's observation that it is important to distinguish between a trial court's action or decision which may be error as distinguished from a trial court's acting without jurisdiction.[9] The remedy for any purported error is an appeal. *Page 6 
 {¶ 8} Similarly, under appropriate circumstances, an order pertaining to discovery of privileged matter is appealable.[10] We also note that the mere possibility that a party may be held in contempt does not provide a basis for relief in prohibition. "Prohibition does not lie to prevent a court from exercising its jurisdiction to conduct contempt proceedings — with respect to which, there is an adequate remedy at law. See, e.g., State ex rel. Mancino v. Campbell (1993), 66 Ohio St.3d 217,220, 611 N.E.2d 319, 321."[11]
 {¶ 9} In light of the discussion above, we deny relator's application for alternative writ. We also hold that, given the averments in the complaint, relator cannot maintain this action in prohibition.
 "Dismissal was appropriate if after presuming the truth of all material factual allegations of appellants' petition and making all reasonable inferences in their favor, it appeared beyond doubt that they could prove no set of facts entitling them to the requested extraordinary relief in prohibition. State ex rel. Brady v. Pianka, 106 Ohio St.3d 147, 2005-Ohio-4105, 832 N.E.2d 1202, P 6. Sua sponte dismissal without notice is warranted when a complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. State ex rel. Duran v. Kelsey, 106 Ohio St.3d 58, 2005-Ohio-3674, 831 N.E.2d 430,17."[12] *Page 7 
It is obvious that relator cannot prevail on the facts averred in the complaint. The complaint does not set out a circumstance in which respondent judge is patently and unambiguously without jurisdiction and relator has an adequate remedy in the ordinary course of the law.
 {¶ 10} Accordingly, we dismiss this action sua sponte for failure to state a claim upon which relief can be granted. Relator to pay costs. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal.
Complaint dismissed.
PATRICIA A. BLACKMON, JUDGE
FRANK D. CELEBREZZE, JR., J., (Not Participating) and MELODY J. STEWART, J., CONCUR Civ.R. 58(B).
[1] Maurer v. DaimlerChrysler Corp., Cuyahoga County Court of Common Pleas Case No. CR-512979, and Profitt v. DaimlerChrysler Corp., Cuyahoga County Court of Common Pleas Case No. CR-512980.
[2] State ex rel. Wright v. Ohio Bur. of Motor Vehicles,87 Ohio St.3d 184, 185, 1999- Ohio-1041, 718 N.E.2d 908. 
[3] State ex rel. Wright v. Registrar, Bur. of Motor Vehicles (Apr. 29, 1999), Cuyahoga App. No. 76044, at 3.
[4] State ex rel. Left Fork Mining Co. v. Fuerst (Dec. 21, 1999), Cuyahoga App. No. 77405, at 6.
[5] See Civ.R. 37(B).
[6] Memorandum in Support of Relator's Motion for an Alternative Writ of Prohibition, at 20.
[7] State ex rel. Abner v. Elliott, 85 Ohio St.3d 11, 1999-Ohio-199,706 N.E.2d 765, at 14.
[8] Id. at 16.
[9] See, e.g., Inner City Wrecking v. Bilsky (1977),51 Ohio App.2d 220, 367 N.E.2d 1214 (it was error for a trial court to impose a sanction under Civ.R. 37 without consulting with opposing counsel and without a prior order requiring disclosure).
[10] R.C. 2505.02.
[11] State ex rel. Cuyahoga Cty. Dept. of Children and Family Serv. v.Ferreri (1994), 96 Ohio App.3d 660, 664, 645 N.E.2d 837.
[12] State ex rel. Scott v. Cleveland, 112 Ohio St.3d 324,2006-Ohio-6573, at]}14, 859 N.E.2d 923. *Page 1