DECISION AND JUDGMENT ENTRY
{¶ 1} This matter is before the court on relator's complaint in prohibition. Relator, Demian Browning, seeks an order from this court prohibiting respondent, Judge Linda Jennings of the Lucas County Court of Common Pleas, from ordering relator to supply pretrial names of potential defense experts to the state and present such experts for a *Page 2 
pretrial Daubert (Evid.R. 702) examination by the trial court. Respondent has filed an answer/motion to dismiss/motion for summary judgment.
 {¶ 2} Relator is a defendant in a case involving child endangering charges related to an alleged "shaken baby." His case was assigned to respondent's docket. On April 5, 2007, the state filed a "Motion for Discovery in the Alternative, to Compel Discovery Request a hearing per Ohio Rules of Evidence 104 702 to Determine Qualification of Expert Witnesses." Relator opposed this motion.
 {¶ 3} On May 2, 2007, Judge Charles Wittenberg, sitting by assignment granted the state's motion in part. Citing Evid.R. 104 and Crim.R. 1(B), the trial court determined that such an order fell under its broad authority to determine preliminary questions concerning witness qualification. The court ordered that each party disclose to the other the names of each expert witness each party intends to call at the trial. The court further ordered that the parties have available these experts for a pretrial hearing in accordance with Evid.R. 702 andValentine v. Conrad, 110 Ohio St.3d 42, 2006-Ohio-3561.
 {¶ 4} Relator filed a motion for reconsideration which respondent denied. The trial court also denied relator's oral motion requesting that the state be required to pay for the costs of providing the potential experts for the ordered pretrial hearing.
 {¶ 5} On September 4, 2007, relator filed the instant original action in prohibition with this court. On October 2, 2007, respondent filed an answer/motion to dismiss/motion for summary judgment. On October 9, 2007, relator filed a reply. On October 22, 2007, respondent filed a motion for a hearing. *Page 3 
 {¶ 6} Pursuant to Civ.R. 12(B)(6), a complaint or petition may be dismissed if it fails to state a claim for which relief can be granted. The complaint may be dismissed only where, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in favor of the nonmoving party, it appears beyond doubt from the face of the complaint that "no provable set of facts warrants relief." State ex rel. Midwest Pride IV, Inc. v. Pontious (1996),75 Ohio St.3d 565, 570. A writ of prohibition "* * * is an extraordinary writ, the purpose of which is to challenge the jurisdiction of a court to act." State ex rel. News Herald v. Ottawa Cty. Court of Common Pleas,Juv. Div. (1996), 76 Ohio St.3d 1203, 1203. The writ will be issued only if a relator can prove: "(1) that the court or officer against whom it is sought is about to exercise judicial or quasi-judicial power, (2) that the exercise of such power is unauthorized by law, and (3) that the refusal of the writ will result in injury for which no other adequate remedy exists." State ex rel. Starner v. DeHoff (1985),18 Ohio St.3d 163, 164.
 {¶ 7} In his complaint, relator argues that requiring him to disclose potential expert witnesses prior to trial, when relator himself has not requested discovery from the state, circumvents the protections built into Crim.R. 16. Relator further asserts that forcing the pretrial disclosure of his potential experts shifts the burden of proof to the defendant and discloses his hand to the state. In addition, relator argues that depending on the ability of his trial counsel to effectively cross-examine the state's witnesses, relator may not have to call any expert witnesses, thus eliminating the time and expense that respondent is forcing expenditure of at the pretrial stage. Finally, relator contends that *Page 4 
due process concerns arise out of his incapacity to pay for experts to appear potentially at both a pretrial hearing and at trial. Relator asserts that he would be irreparably harmed by the trial court's orders of witness disclosure and presentation before trial. Therefore, in the event that this court does not prohibit the pretrial Daubert hearing, relator renews his request that the state be ordered to pay for any of relator's expenses related to such a hearing.
 {¶ 8} In her motion to dismiss, respondent contends that since filing the instant complaint in prohibition, relator has provided the state with a copy of his expert's curriculum vitae and thus, the issue of identifying relator's experts is moot. Regarding the trial court's order to produce such expert(s) for a pretrial hearing, respondent argues that it was exercising its inherent authority to manage trials of matters within its jurisdiction, and there is no ground for the extraordinary relief of a writ of prohibition. Respondent suggests that Crim.R. 16 contemplates only an "informal" step of requesting discovery and relator took that step by having counsel present at the related juvenile court proceeding where the state's expert witnesses were cross examined. Therefore, under the philosophy of the criminal rules to remove gamesmanship from trial, the order to produce any expert witness for a pretrial hearing is appropriate and serves the interest of judicial economy and efficiency. Finally, with regard to relator's request for payment of the cost of his expenses related to a pretrial hearing, respondent contends that there is no support, statutory or otherwise, for such a request by a defendant who has not been found to be indigent. *Page 5 
 {¶ 9} Crim.R. 16(C)(1)(c) provides in pertinent part:
 {¶ 10} "Witness names and addresses. If on request or motion thedefendant obtains discovery under subsection (B)(1)(e), the court shall, upon motion of the prosecuting attorney, order the defendant to furnish the prosecuting attorney a list of the names and addresses of the witnesses he intends to call at the trial. * * *"
 {¶ 11} Initially we note that although respondent contends in her motion for a hearing that this matter involves complex and novel issues of law, we do not find that a hearing is required. Therefore, we deny respondent's motion for a hearing.
 {¶ 12} In his complaint, relator essentially contends that the condition precedent to the trial court's order, as provided in the language of Crim.R. 16, has not been met. As the trial court noted, it is undisputed that relator has never requested discovery in this case. In her motion to dismiss, respondent attempts to equate relator's counsel's appearance at a related, though non-criminal dependency, neglect, and abuse juvenile court proceeding with relator requesting discovery in the criminal case. We find that relator has failed to demonstrate that he has no adequate remedy at law for the trial court error that relator alleges. See State ex rel. TRW Automotive U.S.,L.L.C. v. Corrigan, 8th Dist. No. 89706, 2007-Ohio-1832. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction.'" Id., ¶ 4, quoting State ex rel. Sparto v.Juvenile Court of Darke County (1950), 153 Ohio St. 64, 65. Therefore, respondent's motion to dismiss is found well-taken. *Page 6 
 {¶ 13} Upon consideration whereof, this court finds that respondent's motion for hearing and relator's complaint in prohibition are not well-taken. The court hereby dismisses relator's complaint in prohibition. Costs assessed to relator.
 {¶ 14} It is so ordered.
WRIT DISMISSED.
Pursuant to Civ.R. 58(B), the clerk is directed to serve all partiesnot in default for failure to appear with notice of this judgment andits date of entry on the journal.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR.
 *Page 1