JOURNAL ENTRY AND OPINION
{¶ 1} Elvert Caldwell has filed a complaint for a writ of mandamus, through which he seeks an order that compels the Cuyahoga County Court of Common Pleas to grant judicial release. Specifically, Caldwell argues that the failure to comply with a plea agreement, as allegedly negotiated in State v. Caldwell, Cuyahoga County Court of Common Pleas Case No. CR-357191, mandates his release from prison after serving seven years of incarceration. For the following reasons, we grant the motion for summary judgment, as filed on behalf of the Cuyahoga County Court of Common Pleas, and decline to issue a writ of mandamus.
 {¶ 2} Initially, we find that Caldwell's complaint for a writ of mandamus is defective, since it is improperly captioned. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of Caldwell to properly caption his complaint for a writ of mandamus warrants dismissal. R.C. 2731.04;Blankenship v. Blackwell, 103 Ohio St.3d 567, 2004-Ohio-5596,817 N.E.2d 382; Gannon v. Gallagher (1945) 145 Ohio St. 170; 60 N.E.2d 666;Dunning v. Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 3} It must also be noted that Caldwell has failed to comply with Loc. App. R. 45(B)(1)(a), which mandates that the complaint for a writ of mandamus be supported by a sworn affidavit that specifies the details of his *Page 2 
claim. The failure of Caldwell to comply with the supporting affidavit requirement of Loc. App. R. 45(B) (1) (a) requires the dismissal of his complaint for a writ of mandamus. State ex rel. Smith v. McMonagle (Jul. 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilson v.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
 {¶ 4} Finally, we find that Caldwell has failed to establish that he is entitled to a writ of mandamus. In order for this court to issue a writ of mandamus, Caldwell must establish that: (1) he possesses a clear right to judicial release from prison; (2) the Cuyahoga County Court of Common Pleas possesses a clear legal duty to grant judicial release; and (3) there exists no other adequate remedy in the ordinary course of the law. Herein, Caldwell argues, inter alia, that a sentencing agreement, as entered into prior to his plea of guilty to the offenses of rape and disseminating matter harmful to a juvenile, requires his release from prison after serving seven years of incarceration. *Page 3 
 {¶ 5} Caldwell, through his complaint for a writ of mandamus, has failed to establish that he possesses a clear right to judicial release as premised upon an alleged plea agreement. State ex rel. Ney v.Niehaus (1987), 33 Ohio St.3d 118, 515 N.E.2d 914; State ex rel. Keenanv. Calabrese (1994), 69 Ohio St.3d 176, 631 N.E.2d 119. In addition, the Cuyahoga Count Court of Common Pleas possesses no duty to grant judicial release, since Caldwell is ineligible for judicial release. See R.C. 2929.20(A). Finally, Caldwell possesses an adequate remedy at law by filing a delayed appeal with regard to his allegation of a breached plea agreement. State ex rel. Gadsen v. Lioi, Judge, 93 Ohio St.3d 574,2001-Ohio-1611, 757 N.E.2d 355; Grundstein v. Judge Carroll, Cuyahoga App. No. 83885, 2004-Ohio-2346.
 {¶ 6} Accordingly, we grant the motion for summary judgment as filed on behalf of the Cuyahoga County Court of Common Pleas. Costs to Caldwell. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ. R. 58(B).
Writ denied.
KENNETH A. ROCCO, PRESIDING JUDGE
 ANN DYKE, J., and FRANK D. CELEBREZZE, JR., J., CONCUR *Page 1