[Cite as *Eiselstein v. State*, 2012-Ohio-4566.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| RONALD S. EISELSTEIN, | ) | |
| | ) | CASE NO. 12 MA 90 |
| PETITIONER, | ) | |
| | ) | |
| - VS - | ) | OPINION |
| | ) | AND |
| STATE OF OHIO/ | ) | JUDGMENT ENTRY |
| CITY OF YOUNGSTOWN, | ) | |
| | ) | |
| RESPONDENT. | ) | |

CHARACTER OF PROCEEDINGS:     Petition for Writ of Prohibition.

JUDGMENT:     Petition Dismissed.

APPEARANCES:

For Petitioner:     Attorney Alden Chevlen
5202 Nashua Drive
Youngstown, OH  44515

For Respondent:     Attorney Dana Lantz
City Law Director
Attorney Rebecca Gerson
Asst. City Law Director
26 S. Phelps Street
Youngstown, OH  44503

JUDGES:
Hon. Mary DeGenaro
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: September 24, 2012

PER CURIAM.

{¶1} On May 15, 2012, relator Ronald S. Eiselstein filed a complaint for writ of prohibition seeking an order preventing the transfer of Youngtown Municipal Court Case Numbers 10CRB1177, 12CRB158, 12CRB176 and 12CRB177 from the general division to the municipal court's housing division. This Court ordered a temporary stay of further proceedings pursuant to the transfer order, pending the outcome of this action. (5/30/12 J.E.) Respondents filed a motion to dismiss the complaint on May 30, 2012. Eiselstein did not respond. For the following reasons we grant the motion to dismiss and deny the writ.

{¶2} Eiselstein is the defendant in the above-listed cases, which involve alleged violations of the City of Youngstown Zoning Ordinance. The procedural history of those cases, as can be gleaned from the pleadings, is as follows. Case No. 10CRB1177 had been assigned to the general division of the Youngstown Municipal Court and referred to a magistrate who rendered a decision in favor of Eiselstein. The City filed objections to the magistrate's decision, and as a result, Case Number 10CRB1177 was remanded to the magistrate for the issuance of findings of fact and conclusions of law. The magistrate issued an amended decision, again finding in favor of Eiselstein. The City filed objections to the magistrate's decision, along with a motion to transfer all of the above cases to the municipal court's housing division. Eiselstein opposed the transfer. On February 22, 2012, the magistrate granted the transfer motion. Eiselstein filed the present prohibition complaint to prevent the transfer to the housing division, and accordingly, to prevent the judge of the housing division from presiding over the cases.

{¶3} The issue presently before this Court is whether Eiselstein's writ should be dismissed under Civ.R. 12(B)(6), i.e., failure to state a claim upon which relief can be granted. "A court will dismiss a writ of prohibition under Civ.R. 12(B)(6) if the relator cannot prove any set of facts warranting relief. In so doing, the court must presume all factual allegations of the complaint are true and must make all reasonable inferences in the relator's favor." *State ex rel. Jones v. Maloney*, 7th Dist. No. 03 MA 147, 2003-Ohio-6732, ¶8, citing *State ex rel. United States Steel Corp. v. Zaleski*, 98 Ohio St.3d 395,

2003-Ohio-1630, 786 N.E.2d 39, ¶8.

{¶4} Eiselstein's complaint is procedurally deficient in that it lists "State of Ohio" and "The City of Youngstown" as respondents, yet seeks relief from a Youngtown Municipal Court Judge. "The failure to properly caption an original action is sufficient grounds for denying the writ and dismissing the petition." *State ex rel. Foster v. Belmont Cty. Court of Common Pleas*, 7th Dist. No. 04-BE-55, 2005-Ohio-1353, ¶2, citing *Chisum v. Accused*, 8th Dist. No. 82798, 2003-Ohio-2876, ¶8, citing *State ex rel. Sherrills v. State*, 91 Ohio St.3d 133, 742 N.E.2d 651 (2001).

{¶5} Moreover, Eiselstein's complaint fails to state a claim for which relief may be granted. In order to be entitled to the requested extraordinary relief in prohibition, Eiselstein must prove that: (1) the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power, (2) the exercise of that power is unauthorized by law, and (3) denying the writ will result in injury for which no other adequate remedy exists in the ordinary course of law. *State ex rel. Triplett v. Ross*, 111 Ohio St.3d 231, 2006-Ohio-4705, 855 N.E.2d 1174, ¶18.

{¶6} Ordinarily, all three of the above prerequisites must be met to state a prohibition claim. *State ex rel. Tilford v. Crush*, 39 Ohio St.3d 174, 176, 529 N.E.2d 1245 (1988). There is an exception for situations where the court or officer patently and unambiguously lacks jurisdiction to act. In such a situation, the availability or adequacy of a remedy is immaterial to the issuance of a writ of prohibition. *Id.*

{¶7} "Unlike courts of common pleas, which are created by the Ohio Constitution and have statewide subject-matter jurisdiction, see Section 4(A) and (B), Article IV, Ohio Constitution, municipal courts are statutorily created, R.C. 1901.01, and their subject-matter jurisdiction is set by statute." *Cheap Escape Co., Inc. v. Haddox, LLC*, 120 Ohio St.3d 493, 2008-Ohio-6323, 900 N.E.2d 601, ¶7.

{¶8} As relevant to the present proceedings, R.C. 1901.20(A)(1) provides:

> The municipal court has jurisdiction of the violation of any ordinance of any municipal corporation within its territory, * * * and of the violation of

any misdemeanor committed within the limits of its territory. * * * The municipal court, if it has a housing or environmental division, has jurisdiction of any criminal action over which the housing or environmental division is given jurisdiction by section 1901.181 of the Revised Code, provided that, except as specified in division (B) of that section, no judge of the court other than the judge of the division shall hear or determine any action over which the division has jurisdiction. In all such prosecutions and cases, the court shall proceed to a final determination of the prosecution or case.

{¶9} Further, with regard to the specific jurisdiction of a municipal court's housing division, R.C. 1901.181(A) provides:

Except as otherwise provided in division (A)(2) of this section and subject to section 1901.20 of the Revised Code and to division (C) of this section, the housing or environmental division of a municipal court has exclusive jurisdiction within the territory of the court in any criminal action for a violation of any local building, housing, air pollution, sanitation, health, fire, *zoning*, or safety code, ordinance, or regulation applicable to premises used or intended for use as a place of human habitation, buildings, structures, or any other real property subject to any such code, ordinance, or regulation. (Emphasis added.)

{¶10} Since the cases at issue involved alleged violations of the City of Youngstown Zoning Ordinance, the housing division had jurisdiction to hear those cases, to the exclusion of the general division of the municipal court. Accordingly, the transfer of the cases to the housing division was not only authorized by law, it was required by law. R.C. 1901.181(A) and R.C. 1901.20(A)(1).

{¶11} A writ of prohibition has issued to prevent just the *opposite* situation. *See State ex rel. J.K. & E. Auto Wrecking v. Trumbo,* 8th Dist. No. 61230, 1991 WL 106064

(June 11, 1991). There, the Eighth District granted a writ of prohibition to prevent the general division of the municipal court from exercising jurisdiction over a matter under the exclusive jurisdiction of the housing division pursuant to R.C. 1901.181. *Id.* at *8 (granting the writ and ordering the case transferred to the housing division).

{¶12} Thus, because the general division of the municipal court was not exercising its power in a manner "unauthorized by law," with respect to the above cases, Eiselstein is not entitled to a writ of prohibition.

{¶13} Respondents' motion to dismiss is granted. Petition dismissed.

{¶14} Costs of this action taxed against Eiselstein. Final order. Clerk to serve notice on the parties as provided by the Ohio Rules of Civil Procedure.

DeGenaro, J., concurs.

Donofrio, J., concurs.

Vukovich, J. concurs.